**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. _____**

|                                                    |     |
|----------------------------------------------------|-----|
| PICTET OVERSEAS INC.,                              | §   |
|                                                    | §   |
|                                                    | §   |
| Plaintiff,                                         | §   |
|                                                    | §   |
| v.                                                 | §   |
|                                                    | §   |
| HELVETIA TRUST and AAA                             | §   |
| GROUP INTERNATIONAL TRUST,                         | §   |
|                                                    | §   |
| Defendants.                                        | §   |

**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

Plaintiff, Pictet Overseas Inc., files this Complaint seeking a declaratory judgment and preliminary and permanent injunctive relief to preclude Defendants, Helvetia Trust and AAA Group International Trust (collectively, "Defendants" or the "Trusts"), from proceeding with an arbitration they have filed before the Financial Industry Regulatory Authority against Pictet Overseas Inc. and several separate companies and individuals.  Pictet Overseas Inc. alleges as follows:

**I.**

**PARTIES**

1.     Plaintiff, Pictet Overseas Inc. ("Pictet Overseas") is an SEC registered broker-dealer and a member of the Financial Industry Regulatory Authority ("FINRA").   It is incorporated under the Canadian Business Corporations Act and headquartered in Montreal, Quebec.  Its only office is in Montreal.

CASE NO. _____

2.      Defendant Helvetia Trust is an offshore trust governed by the laws of St. Lucia, West Indies.  The trustee for Helvetia Trust is Thomas Claus.  Mr. Claus resides in Brookfield, Wisconsin.

3.      Defendant AAA Group International Trust is an offshore trust governed by the laws of St. Lucia, West Indies.  The trustee for AAA Group International Trust is Jerry Ostry. Mr. Ostry resides in Wellington, Florida.

4.      Defendants instituted a FINRA arbitration against Pictet Overseas and multiple entities and individuals, titled *Helvetia Trust, et al. v. Phillipe Bertherat, et al.*, Case No. 13-02053 (the "Arbitration"), which is being administered by FINRA's office in Boca Raton, Florida.  Defendants claim $1.8 million in actual damages and are also seeking treble damages and $100 million in punitive damages.

## II.
### JURISDICTION AND VENUE

5.      This is an action for: 1) declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201; and 2) injunctive relief pursuant to Federal Rule of Civil Procedure 65(b).

6.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this case relates to an arbitration in which Defendants allege violations of federal law.  This Court also has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a State and a citizen or subject of a foreign state.

7.      The Court has personal jurisdiction over Defendants because this action arises out of specific acts undertaken by Defendants within the State of Florida, including commencing the Arbitration there.

CASE NO. _____

8.      Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred within this judicial district.  In particular, Defendants brought their arbitral claims in this District.

## III.
### FACTS

9.      Defendants initiated the Arbitration in 2013 and filed an Amended Statement of Claim on or about July 15, 2013 (the "Statement of Claim").

10.      The Statement of Claim was served on Pictet Overseas on or about September 23, 2013, which is when Pictet Overseas first learned of the Arbitration.

11.      Defendants demand $108,225,000 in the Statement of Claim.  Pictet Overseas denies that it is liable to Defendants.

12.      Pictet Overseas has never had any agreement to arbitrate with Defendants and does not consent to arbitration.

13.      FINRA Rule 12200 requires FINRA members, such as Pictet Overseas, to submit to arbitration to resolve claims brought by claimants, but only if the claimant is the member's "customer," or if the member has explicitly agreed to arbitrate disputes between the claimant and the member.

14.      Defendants are not now, nor have they ever been, customers of Pictet Overseas. Defendants have never had brokerage accounts with Pictet Overseas.  Defendants did not purchase any securities from Pictet Overseas or receive investment guidance from Pictet Overseas.  There has never been any contractual or other relationship between Pictet Overseas and Defendants, let alone an agreement to arbitrate.  Therefore, FINRA Rule 12200 does not require Pictet Overseas to submit to FINRA arbitration regarding disputes with either Defendant.

15.     The exhibits to the Statement of Claim include account applications for Swiss bank Pictet & Cie, a corporate affiliate of Pictet Overseas based in Geneva, Switzerland. These account applications bear the title, "Application to Open a Bank Relationship for a Trust." Notwithstanding vague references to the undefined term "Pictet" in the Statement of Claim, to the extent that the Statement of Claim describes any relationship between Defendants and any "Pictet" entity, it appears to be between Defendants and Pictet & Cie.

16.     Pictet Overseas and Pictet & Cie are separate and distinct corporate entities. Pictet Overseas maintains its own books and records and observes all corporate formalities. As a regulated brokerage firm, Pictet Overseas maintains regulatory books and records pursuant to the directives of its regulator, FINRA. Pictet Overseas does not have the regulatory capacity to offer banking services of any kind to its customers.

17.     From the face of the documents that Defendants attached to the Statement of Claim, it is clear that they opened a banking relationship with Pictet & Cie, not a brokerage relationship or any kind of customer relationship with Pictet Overseas.

18.     Pictet Overseas has no obligation to arbitrate any claims brought by Defendants. There is no basis upon which Defendants can compel Pictet Overseas to participate in the Arbitration.

19.     The existence or nonexistence of a valid arbitration agreement between the parties is a matter to be decided by this Court, not by an arbitration panel.

20.     An injunction is necessary to maintain the status quo until the Court is able to resolve the parties' dispute on the merits and to prevent the irreparable injury to Pictet Overseas from having to arbitrate issues that it has not agreed to arbitrate.

CASE NO. _____

21.      Whether Pictet Overseas can be compelled to defend against the claims asserted against it in the Arbitration is an issue that affects the parties' immediate legal interests. Unless Defendants are enjoined from proceeding with the Arbitration, Pictet Overseas will be required to respond to the Statement of Claim by November 4, 2013.  Any such response could result in a waiver of Pictet Overseas' right to defend against Defendants' claims in a court of competent jurisdiction.

22.      A permanent injunction precluding Defendants from pursuing their claims in the Arbitration is proper and warranted.

## IV.
### CLAIMS

#### COUNT I—DECLARATORY JUDGMENT

23.      Pictet Overseas incorporates the allegations of Paragraphs 1 through 22 above as if fully set forth herein.

24.      FINRA Rule 12200 (Arbitration Under an Arbitration Agreement or the Rules of FINRA) states:

> Parties must arbitrate a dispute under the [FINRA] Code if:
>
> - Arbitration under the Code is either:
>
>   - Required by a written agreement, or
>   - Requested by the *customer*;
>
> - The dispute is between a *customer* and a member or associated person of a member; and
>
> - The dispute arises in connection with the business activities of the member or the associated person, except disputes involving the insurance business activities of a member that is also an insurance company.

CASE NO. _____

25.     No agreement exists between Defendants and Pictet Overseas to arbitrate any disputes, including those asserted by Defendants in the Arbitration.

26.     Defendants are not and never have been "customers" of Pictet Overseas, whether under FINRA Rule 12200 or otherwise.   Therefore, Pictet Overseas is not obligated to arbitrate any of Defendants' claims asserted in the Arbitration.

27.     Declaratory relief is appropriate because there is a substantial continuing controversy between the parties that is definite and concrete, affecting the parties' legal interests with sufficient immediacy, and Pictet Overseas has a reasonable expectation that its injury will continue in the future in the absence of declaratory relief.

28.     Pictet Overseas seeks a declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 that Defendants are not customers of Pictet Overseas and that Defendants' claims are not arbitrable in the FINRA Arbitration.

## COUNT II—INJUNCTIVE RELIEF

29.     Pictet Overseas incorporates the allegations of Paragraphs 1 through 22 above as if fully set forth in this Paragraph.

30.     Pictet Overseas has a substantial likelihood of success on the merits regarding the arbitrability of Defendants' claims because:

a)  There is no agreement to arbitrate between Pictet Overseas and Defendants; and

b)  Defendants are not, and never have been, Pictet Overseas' customers under FINRA Rule 12200.

31.     Pictet Overseas will suffer immediate and irreparable harm if it is compelled to arbitrate the claims in the Arbitration.

32.     The balance of equities favors entry of an injunction.

6

CASE NO. _____

33.     Pictet Overseas has no adequate remedy at law.

34.     The public interest favors entry of an injunction.

35.     Accordingly, Pictet Overseas satisfies the legal standards for preliminary and permanent injunctive relief in Federal Rule of Civil Procedure 65, and Defendants should be enjoined from proceeding with the Arbitration.

## V.
### PRAYER FOR RELIEF

THEREFORE, Pictet Overseas requests that this Court:

a.      Enter a declaratory judgment that Defendants are not customers of Pictet Overseas or any of its associated persons under FINRA Rule 12200 and Defendants' claims are therefore not arbitrable;

b.      Enter orders preliminarily and permanently enjoining Defendants from further proceeding with the FINRA Arbitration;

c.      Award Pictet Overseas its costs; and

d.      Award all other and further relief in either law or equity to which this Court deems Pictet Overseas is entitled.

Dated: October 23, 2013

CASE NO. _____

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue
Miami, Florida 33131
Telephone:  (305) 579-0500
Facsimile:  (305) 579-0717

By:   /s/ Mark A. Salky
MARK A. SALKY
Florida Bar No. 58221
Email:  salkym@gtlaw.com
IAN M. ROSS
Florida Bar No. 91214
Email:  rossi@gtlaw.com

**GREENBERG TRAURIG, LLP**
Terry R. Weiss
Florida Bar No. 57906
Email:  weisst@gtlaw.com
3333 Piedmont Road NE, Suite 2500
Atlanta, GA  30305
Telephone:  (678) 553-2100
Facsimile:  (678) 553-2212

**MAYER BROWN LLP**
Mark G. Hanchet (***Pro Hac Vice pending***)
1675 Broadway
New York, NY  10019
Telephone:  (212) 506-2500
Facsimile:  (212) 262-1910
Email: mhanchet@mayerbrown.com

**ATTORNEYS FOR PLAINTIFF,
PICTET OVERSEAS INC.**