IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-81088-CIV-MARRA/MATTHEWMAN

| | |
|---|---|
| PICTET OVERSEAS INC., PHILIPPE BERTHERAT, REMY ANTOINE BEST, RENAUD FERNAND DE PLANTA, JACQUES JOSEPH DE SAUSSURE, BERTRAND FRANCOIS LAMBERT DEMOLE, JEAN FRANCOIS DEMOLE, MARC PHILIPPE PICTET, AND NICOLAS LUCIEN PICTET, <br><br> Plaintiffs, <br><br> v. <br><br> HELVETIA TRUST and AAA GROUP INTERNATIONAL TRUST, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § |

## SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Plaintiffs Pictet Overseas Inc. ("Pictet Overseas"), Philippe Bertherat, Remy Antoine Best, Renaud Fernand De Planta, Jacques Joseph De Saussure, Bertrand Francois Lambert Demole, Jean Francois Demole, Marc Philippe Pictet, and Nicolas Lucien Pictet (collectively except for Pictet Overseas, the "Partners," and collectively with Pictet Overseas, the "Plaintiffs"), file this Complaint seeking a declaratory judgment and preliminary and permanent injunctive relief to preclude Defendants, Helvetia Trust and AAA Group International Trust (collectively, "Defendants" or the "Trusts"), from proceeding with an arbitration they have filed before the Financial Industry Regulatory Authority against Pictet Overseas Inc. and the Partners. Plaintiffs allege as follows:

I.
PARTIES

1. Plaintiff, Pictet Overseas Inc. ("Pictet Overseas") is an SEC registered broker-dealer and a member of the Financial Industry Regulatory Authority ("FINRA"). It is incorporated under the Canadian Business Corporations Act and headquartered in Montreal, Quebec. Its only office is in Montreal.

2. Each of the Partners is a citizen of Switzerland. Further, each of the Partners is domiciled in Switzerland. Specifically:

  a. Plaintiff Philippe Bertherat is domiciled in Anières, Switzerland;

  b. Plaintiff Remy Antoine Best is domiciled in Jussy, Switzerland;

  c. Plaintiff Renaud Fernand De Planta is domiciled in Cologny, Switzerland;

  d. Plaintiff Jacques Joseph De Saussure is domiciled in Geneva, Switzerland;

  e. Plaintiff Bertrand Francois Lambert Demole is domiciled in Versoix, Switzerland;

  f. Plaintiff Jean Francois Demole is domiciled in Trélex, Switzerland;

  g. Plaintiff Marc Philippe Pictet is domiciled in Geneva, Switzerland; and

  h. Plaintiff Nicolas Lucien Pictet is domiciled in Russin, Switzerland.

3. Defendant Helvetia Trust is an offshore trust governed by the laws of St. Lucia, West Indies. The trustee for Helvetia Trust is Thomas Claus. On information and belief, Thomas Claus is a citizen of and domiciled in the state of Wisconsin.

4. Defendant AAA Group International Trust is an offshore trust governed by the laws of St. Lucia, West Indies. The trustee for AAA Group International Trust is Jerry Ostry. On information and belief, Mr. Ostry is a citizen of and domiciled in the state of Florida.

5. Defendants instituted a FINRA arbitration against Pictet Overseas and the Partners, titled *Helvetia Trust, et al. v. Phillipe Bertherat, et al.*, Case No. 13-02053 (the "Arbitration"), which is being administered by FINRA's office in Boca Raton, Florida. Defendants claim $1.8 million in actual damages and are also seeking treble damages and $100 million in punitive damages.

## II.
### JURISDICTION AND VENUE

6. This is an action for: 1) declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201; and 2) injunctive relief pursuant to Federal Rule of Civil Procedure 65(b).

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this case relates to an arbitration in which Defendants allege violations of federal law. This Court also has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a State and a citizen or subject of a foreign state.

8. The Court has personal jurisdiction over Defendants because this action arises out of specific acts undertaken by Defendants within the State of Florida, including commencing the Arbitration there.

9. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred within this judicial district. In particular, Defendants brought their arbitral claims in this District.

## III.
### FACTS

10. Defendants initiated the Arbitration in 2013 and filed an Amended Statement of Claim on or about July 15, 2013 (the "Statement of Claim").

11. The Statement of Claim was served on Pictet Overseas on or about September 23, 2013, which is when Pictet Overseas and the Partners first learned of the Arbitration.

12. Defendants demand $108,225,000 in the Statement of Claim. Plaintiffs deny that they are liable to Defendants.

13. Pictet Overseas has never had any agreement to arbitrate with Defendants and does not consent to arbitration.

14. The Partners have never had any agreement to arbitrate with Defendants and do not consent to arbitration.

15. FINRA Rule 12200 requires FINRA members, such as Pictet Overseas, or their associated persons to submit to arbitration to resolve claims brought by claimants, but only if the claimant is the member's "customer," or if the member has explicitly agreed to arbitrate disputes between the claimant and the member.

16. Defendants are not now, nor have they ever been, customers of Pictet Overseas or the Partners. Defendants have never had brokerage accounts with Pictet Overseas. Defendants did not purchase any securities from Pictet Overseas or receive investment guidance from Pictet Overseas. There has never been any contractual or other relationship between Pictet Overseas or the Partners and Defendants, let alone an agreement to arbitrate. Therefore, FINRA Rule 12200 does not require Pictet Overseas or the Partners to submit to FINRA arbitration regarding disputes with either Defendant.

17. The exhibits to the Statement of Claim include account applications for Swiss bank Pictet & Cie, a corporate affiliate of Pictet Overseas based in Geneva, Switzerland. These

account applications bear the title, "Application to Open a Bank Relationship for a Trust." Notwithstanding vague references to the undefined term "Pictet" in the Statement of Claim, to the extent that the Statement of Claim describes any relationship between Defendants and any "Pictet" entity, it appears to be between Defendants and Pictet & Cie.

18. Pictet Overseas and Pictet & Cie are separate and distinct corporate entities. Pictet Overseas maintains its own books and records and observes all corporate formalities.  As a regulated brokerage firm, Pictet Overseas maintains regulatory books and records pursuant to the directives of its regulator, FINRA.  Pictet Overseas does not have the regulatory capacity to offer banking services of any kind to its customers.

19. From the face of the documents that Defendants attached to the Statement of Claim, it is clear that they opened a banking relationship with Pictet & Cie, not a brokerage relationship or any kind of customer relationship with Pictet Overseas.

20. Pictet Overseas and the Partners have no obligation to arbitrate any claims brought by Defendants.  There is no basis upon which Defendants can compel Pictet Overseas or the Partners to participate in the Arbitration.

21. The existence or nonexistence of a valid arbitration agreement between the parties is a matter to be decided by this Court, not by an arbitration panel.

22. An injunction is necessary to maintain the status quo until the Court is able to resolve the parties' dispute on the merits and to prevent the irreparable injury to Pictet Overseas or the Partners from having to arbitrate issues that they have not agreed to arbitrate.

23. Whether Pictet Overseas or the Partners can be compelled to defend against the claims asserted against it in the Arbitration is an issue that affects the parties' immediate legal

interests. Unless Defendants are enjoined from proceeding with the Arbitration, Pictet Overseas and the Partners will be forced to proceed in the Arbitration.

24. A permanent injunction precluding Defendants from pursuing their claims in the Arbitration is proper and warranted.

## IV.
### CLAIMS

#### COUNT I—DECLARATORY JUDGMENT

25. Plaintiffs incorporate the allegations of Paragraphs 1 through 22 above as if fully set forth herein.

26. FINRA Rule 12200 (Arbitration Under an Arbitration Agreement or the Rules of FINRA) states:

> Parties must arbitrate a dispute under the [FINRA] Code if:
>
> - Arbitration under the Code is either:
>   - Required by a written agreement, or
>   - Requested by the *customer*;
>
> - The dispute is between a *customer* and a member or associated person of a member; and
>
> - The dispute arises in connection with the business activities of the member or the associated person, except disputes involving the insurance business activities of a member that is also an insurance company.

27. No agreement exists between Plaintiffs and Pictet Overseas to arbitrate any disputes, including those asserted by Defendants in the Arbitration.

28. Defendants are not and never have been "customers" of Plaintiffs, whether under FINRA Rule 12200 or otherwise. Therefore, Plaintiffs are not obligated to arbitrate any of Defendants' claims asserted in the Arbitration.

29. Declaratory relief is appropriate because there is a substantial continuing controversy between the parties that is definite and concrete, affecting the parties' legal interests with sufficient immediacy, and Plaintiffs have a reasonable expectation that its injury will continue in the future in the absence of declaratory relief.

30. Plaintiffs seek a declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 that Defendants are not customers of Pictet Overseas or the Partners and that Defendants' claims are not arbitrable in the FINRA Arbitration.

### COUNT II—INJUNCTIVE RELIEF

31. Plaintiffs incorporate the allegations of Paragraphs 1 through 24 above as if fully set forth in this Paragraph.

32. Plaintiffs have a substantial likelihood of success on the merits regarding the arbitrability of Defendants' claims because:

   a) There is no agreement to arbitrate between Pictet Overseas or the Partners and Defendants; and

   b) Defendants are not, and never have been, Pictet Overseas' or the Partners' customers under FINRA Rule 12200.

33. Plaintiffs will suffer immediate and irreparable harm if they are compelled to arbitrate the claims in the Arbitration.

34. The balance of equities favors entry of an injunction.

35. Plaintiffs have no adequate remedy at law.

36. The public interest favors entry of an injunction.

37. Accordingly, Plaintiffs satisfy the legal standards for preliminary and permanent injunctive relief in Federal Rule of Civil Procedure 65, and Defendants should be enjoined from proceeding with the Arbitration.

## V.
### PRAYER FOR RELIEF

THEREFORE, Plaintiffs requests that this Court:

    a. Enter a declaratory judgment that Defendants are not customers of Pictet Overseas or any of its associated persons, or the Partners, under FINRA Rule 12200 and Defendants' claims are therefore not arbitrable;

    b. Enter orders preliminarily and permanently enjoining Defendants from further proceeding with the FINRA Arbitration;

    c. Award Pictet Overseas and the Partners their costs; and

    d. Award all other and further relief in either law or equity to which this Court deems Pictet Overseas and the Partners are entitled.

CASE NO. 13-81088-CIV-MARRA/MATTHEWMAN

Dated: December 16, 2013

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

By: /s/ Mark A. Salky
MARK A. SALKY
Florida Bar No. 58221
Email: salkym@gtlaw.com
IAN M. ROSS
Florida Bar No. 91214
Email: rossi@gtlaw.com

**GREENBERG TRAURIG, LLP**
Terry R. Weiss
Florida Bar No. 57906
Email: weisstr@gtlaw.com
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone: (678) 553-2100
Facsimile: (678) 553-2212


**MAYER BROWN LLP**
Mark G. Hanchet (*Admitted Pro Hac Vice*)
Jeremy Schildcrout (*Admitted Pro Hac Vice*)
1675 Broadway
New York, NY 10019
Telephone: (212) 506-2500
Facsimile: (212) 262-1910
Email: mhanchet@mayerbrown.com
Email: jschildcrout@mayerbrown.com

**ATTORNEYS FOR PLAINTIFFS**

CASE NO. 13-81088-CIV-MARRA/MATTHEWMAN

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of December, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on the parties listed in the service list below, either via transmission of Notices of Electronic Filing generated by CM/ECF or via overnight mail for those parties who are not authorized to receive electronically Notices of Electronic Filing:

By:  */s/ Mark A. Salky*
         Mark A. Salky

## SERVICE LIST

Curtis David Carlson, Esq.
**CARLSON & LEWITTES PA**
One Southeast Third Avenue
Suite 1200
Miami, FL  33131
Tel:  (305) 372-9700
Fax:  (305) 372-8265
Email:  carlson@carlson-law.net

*Counsel for Defendants*