IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-81088-CIV-MARRA

PICTET OVERSEAS INC., PHILIPPE
BERTHERAT, REMY ANTOINE BEST,
RENAUD FERNAND DE PLANTA,
JACQUES JOSEPH DE SAUSSURE,
BERTRAND FRANCOIS LAMBERT
DEMOLE, JEAN-FRANCOIS DEMOLE,
MARC PHILIPPE PICTET, and
NICOLAS LUCIEN PICTET,

            Plaintiffs,

v.

HELVETIA TRUST and AAA
GROUP INTERNATIONAL TRUST,

           Defendants.

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF FEBRUARY 7, 2014 ORDER**

Pursuant to Fed. R. Civ. P. 54(b), Plaintiffs, Pictet Overseas Inc. ("Pictet Overseas") and Philippe Bertherat, Remy Antoine Best, Renaud Fernand De Planta, Jacques Joseph De Saussure, Bertrand Francois Lambert Demole, Jean-Francois Demole, Marc Philippe Pictet, and Nicolas Lucien Pictet (collectively, the "Partners"), respectfully seek reconsideration only of that part of the Court's February 7, 2014 order [D.E. 49] (the "Order") declining to adopt the Magistrate Judge's recommendation that Helvetia Trust and AAA Group International Trust ("Defendants") be permanently enjoined from pursuing their claims against Plaintiffs before the Financial Industry Regulatory Authority ("FINRA"). The Court has recognized that Plaintiffs are entitled to a preliminary injunction, but its declining to adopt the recommendation for a permanent injunction appears to be based on a misapprehension that Defendants had no notice that a

permanent injunction was a possible outcome from Plaintiffs' initial application. The record demonstrates that not only were Defendants on notice, they were well aware that a permanent injunction was before the Court. By this application, Plaintiffs bring this issue to the Court's attention and ask that a permanent injunction be granted without further delay.

## I. INTRODUCTION

The Court appears to have based its decision to decline permanent injunctive relief at this time on the notion that Defendants lacked sufficient notice that the Court could order preliminary and permanent injunctive relief simultaneously. However, the record shows that Defendants were more than just *on notice*, they *knew* that a permanent injunction could issue following the evidentiary hearing:

- Plaintiffs' motion (the "Motion") sought both a preliminary <u>and a permanent</u> injunction;

- The Court's notice of the evidentiary hearing on the Motion expressly reflected that the hearing would address Plaintiffs' request for <u>permanent</u> injunctive relief;

- Defendants' opposition briefs expressly referenced <u>permanent</u> injunctive relief; and

- During the evidentiary hearing, the Court *explicitly raised the issue* of its authority to grant both preliminary <u>and permanent</u> injunctive relief. Defendants' counsel expressed no surprise at this question from the Court and chose not to address it in any of their post-hearing submissions.

In its Order following the Magistrate's Report, this Court declined to grant a permanent injunction by reference to authorities where the parties had no advance notice that a hearing for preliminary injunctive relief could result in a permanent injunction, a situation completely unlike the one here.

An order for permanent injunctive relief would not be premature in this case. Defendants have already conceded that they held no accounts at Pictet Overseas and had no contact with the Partners. The Magistrate Judge featured these concessions in ruling that Defendants had no customer relationship on which to predicate their misguided demand for arbitration. Although the Court's Order noted that Defendants wanted additional discovery, the Magistrate's Report accurately noted that at the evidentiary hearing Defendants acknowledged that the Court could rule on Plaintiffs' request for preliminary and permanent injunctive relief simultaneously. As the Report also noted, only after acknowledging this fact did Defendants vaguely suggest that Defendants *may* want to take additional discovery. Since then, however, Defendants have failed to identify any discovery that they believed could change the material facts or the Court's analysis. They did not do so in their November 27, 2013 post-hearing brief or in their January 16, 2014 objection to the Magistrate's Report. They did not even do so in their February 10, 2014 reply to Plaintiffs' response to Defendants' objection to the Magistrate's Report, despite the fact that Plaintiffs' response specifically called out Defendants' failure to specify the discovery they claimed to need.[1] The reason Defendants have made no attempt in the three months since the evidentiary hearing to show what discovery they purportedly needed is because they recognize the obvious: taking discovery would be futile because no amount of additional discovery can change the fundamental facts leading to the Magistrate's conclusion that Defendants were not Plaintiffs' customers.

In light of these facts, Plaintiffs respectfully request that the Court reconsider that part of the Order declining to adopt the Magistrate Judge's recommendation that Defendants be permanently enjoined from pursuing their claims against Plaintiffs in FINRA arbitration.

---

[1] Defendants' Reply [D.E. 50] was filed after the Court's Order on the Magistrate's Report.

II.    ARGUMENT

    A.    The Court Erred In Assuming That Defendants Lacked Sufficient Notice That A Permanent Injunction Could Issue Following The Evidentiary Hearing.

Under Fed. R. Civ. P. 54(b), "[a] district court, in its discretion, can modify or vacate a non-final order at any point prior to the entry of a final judgment." *Inetianbor v. CashCall, Inc.*, -- F. Supp. 2d --, 2013 WL 4494125, at *3 (S.D. Fla. Aug. 19, 2013). A district court is empowered to exercise its discretion to correct clear error. *Id.* (citing *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 1992)). Here, an apparent misapprehension of fact led the Court to decline to adopt the Magistrate Judge's recommendation that a permanent injunction should issue at this time.

The Court correctly observed that: "Ordering Consolidation pursuant to Rule 64(a)(2) of the Federal Rules of Civil Procedure during the course of a preliminary injunction hearing is reversible error when little or no notice is given of this change and the effect is to deprive a party of the right to present the case on the merits." Order at 2 n. 1. In ruling as it did, the Court appears to have mistakenly believed that Defendants lacked sufficient notice that a preliminary and permanent injunction could issue simultaneously after the hearing. Defendants here were fully on notice before the evidentiary hearing, and in fact were actually aware that a permanent injunction was at issue during the hearing.

As the pre-hearing record shows, Plaintiffs were explicit in seeking permanent injunctive relief, and Defendants were equally explicit in their opposition papers. Plaintiffs' Motion was titled "Plaintiff's Motion for Preliminary and Permanent Injunction." [D.E. 3]. Magistrate Judge Matthewman's October 24, 2013 order setting the briefing schedule and the hearing date was styled "Order Setting Evidentiary Hearing on Plaintiff's Motion for Preliminary and Permanent

Injunction." [D.E. 6].[2] In similar fashion, Defendants' opposition briefs reflect their actual knowledge that the evidentiary hearing would address the request for a ***permanent*** injunction. Defendants styled their first brief opposing the Motion as "Defendants' Reply to Plaintiff's Motion for Preliminary and Permanent Injunction" [D.E. 11-1] ("Opp. I") and urged the court to "find against Plaintiffs' request for a preliminary and permanent injunction[.]" Opp. I at 16. Defendants' supplemental brief [D.E. 23] ("Opp. II") argued that "Plaintiff cannot show its entitlement to a *preliminary or permanent* injunction." Opp. II at 6 (emphasis added). Thus, the record shows that Defendants were not only on notice but also *knew* that a permanent injunction could issue at the close of the hearing, and this fact distinguishes the present controversy from the cases that the Court cites in its Order.

For example, in *Wilson v. Zarhadnick*, the question presented was whether the district court erred "in issuing a permanent injunction when there had only been a hearing as to the issuance of a preliminary injunction and there had been no notice or order consolidating the two[.]" 534 F.3d 55, 57 (5th Cir. 1976). Similarly, in *Am. Fed. of Gov't Emp., et al. v. Colburn*, the court noted that "the designation of the [evidentiary] hearing [was] 'On petition for preliminary injunction[,]" yet "[t]he relief granted included a declaratory judgment and a permanent injunction." 531 F.2d 314, 314-15 (5th Cir. 1970) (internal punctuation modified). Finally, in *Puerto Rican Farm Workers ex rel. Vidal v. Eatmon*, it was not until plaintiffs rested "that the District Judge indicated that he might rule on the merits of the entire case." 427 F.2d 210, 211 (5th Cir. 1970). In each case, it was deemed manifestly unfair for the court to issue a

---

[2] Even Magistrate Judge Matthewman's Civil Minutes [D.E. 30], docketed upon the conclusion of the evidentiary hearing, designated the "type of hearing" as "Evidentiary Hearing on Plaintiff's Motion for a Preliminary and Permanent Injunction."

final order regarding permanent injunctive relief without first providing the non-prevailing party with sufficient notice that such a ruling was possible.

Here, however, there was no such surprise. In fact, during the evidentiary hearing, Defendants' counsel stated that Defendants had no objection to the Court deciding both the preliminary and permanent injunction as a result of the November 18, 2013 evidentiary hearing. [D.E. 31] ("Transcript") at 78:10-19. Moments later, however, Defendants' counsel stated, "I take that back because we may want discovery. I better not agree to that. We may want to have discovery on some of these issues." *Id.* at 78:22-24. Plaintiffs' counsel correctly noted that the Court was empowered to issue a recommendation on both preliminary and permanent injunctive relief, particularly in light of the fact that Defendants had been on notice of such a possibility. *Id.* at 79:9-13 ("[Plaintiffs] would like both [a decision on preliminary and permanent relief] and we think the Court is empowered to do that. Counsel has been on notice about our intentions, and it's [in] our papers."). The Court then invited the parties to address the issue in supplemental briefing. Because the Court raised it, Plaintiffs briefed this issue in their post-hearing brief, but Defendants declined to do so in either their Objection to the Magistrate Judge's Report and Recommendations [D.E. 45] or their Reply in Support of Their Objections to Report and Recommendation [D.E. 50].

      B.    No Amount of Additional Discovery Could Alter the Magistrate Judge's Conclusion that Defendants Had No Customer Relationship with Either Pictet Overseas or the Partners.

No amount of additional discovery could change the facts material to the Magistrate's conclusion that Defendants were not Plaintiffs' customers. The Magistrate's Report took note of this point, stating:

> The Court . . . agrees that additional discovery and/or a second evidentiary hearing would not change the fact that Defendants

> were never customers of Plaintiff Pictet Overseas . . . or the individual Plaintiffs . . . . In other words, Plaintiffs have already established actual success on the merits, not just a likelihood of success on the merits. Moreover, Defendants have not proffered any anticipated discovery that could alter the result in this case. Merely making a vague reference to the fact that Defendants may wish to avail themselves of further discovery is insufficient. The Court cannot envision any future discovery which would change the inevitable result in this case.

Magistrate's Report at 21. The Magistrate Judge's opinion on this issue was well-founded. Prior to the November 18, 2013 evidentiary hearing, Defendants deposed the trustee for Defendant AAA Group International Trust, Jerry K. Ostry. As detailed in Plaintiffs' Post Hearing Brief [D.E. 38], Mr. Ostry admitted that he had no contact with the Partners whatsoever. Pls.' Post Hearing Br. at 4. In addition, as noted in the Magistrate's Report, "Defendants' counsel explicitly stated that Defendants had no direct contact with the Partners." Magistrate's Report at 12. Further, it was undisputed that neither Defendant ever held an account at Pictet Overseas.

As briefed extensively before the Magistrate Judge, these facts are dispositive of this controversy. In the absence of a customer relationship between Defendants and either Pictet Overseas or the Partners, there is no basis for Defendants' claims to proceed in FINRA arbitration. It is telling that, despite repeated opportunities to do so, Defendants have failed to identify what, if any, additional discovery could alter the material facts. Defendants failed to identify any necessary additional discovery during the evidentiary hearing, in their post-hearing brief [D.E. 37], in their Objection to the Magistrate Judge's Report and Recommendations [D.E. 45], or in their belated Reply to Plaintiffs' Response to Defendants' Objections [D.E. 47]. As detailed in Plaintiffs' Post Hearing Brief, where the core material facts – here, dispositive facts – are not in dispute, a court may and should grant both a preliminary and permanent injunction without additional evidence or further discovery. Pls.' Post Hearing Br. at 12-13 (citing cases

including, but not limited to: *Beck v. Levering*, 947 F.2d 639, 642 (2d Cir. 1991) (rejecting argument that a evidentiary hearing must be held in order to issue permanent injunction in case where material facts were not in dispute); *United Food & Commercial Workers Local 99 v. Bennett*, 934 F. Supp. 2d 1167, 1188 (D. Ariz. 2013) ("A court must usually conduct an evidentiary hearing before converting a preliminary injunction into a permanent injunction, but this is not necessary when the facts are not in dispute[.]") (internal punctual modified, citation omitted)). The Court should not provide Defendants with the opportunity to further delay the inevitable resolution of this controversy, because no amount of discovery can change the dispositive facts.

### III. CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court reconsider that part of its February 7, 2014 Order declining to adopt the Magistrate Judge's Report and Recommendation recommending that the Court grant Plaintiffs' Motion for Permanent Injunction and grant all relief requested therein.

Dated: February 18, 2014

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

By: /s/ Mark A. Salky
MARK A. SALKY
Florida Bar No. 58221
Email: salkym@gtlaw.com
IAN M. ROSS
Florida Bar No. 91214
Email: rossi@gtlaw.com

CASE NO. 13-81088-CIV-MARRA/MATTHEWMAN

**GREENBERG TRAURIG, LLP**
Terry R. Weiss
Florida Bar No. 57906
Email: weisstr@gtlaw.com
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Telephone: (678) 553-2100
Facsimile: (678) 553-2212

**GREENBERG TRAURIG, P.A.**
Jennifer L. Tomsen
Florida Bar No. 630871
Email: tomsenj@gtlaw.com
1000 Louisiana Street Suite 1700
Houston, TX 77002
Telephone: (713) 374-3500
Facsimile: (713) 374-3505


**MAYER BROWN LLP**
Mark G. Hanchet (*Admitted Pro Hac Vice*)
Jeremy Schildcrout (*Admitted Pro Hac Vice*)
1675 Broadway
New York, NY 10019
Telephone: (212) 506-2500
Facsimile: (212) 262-1910
Email: mhanchet@mayerbrown.com
Email: jschildcrout@mayerbrown.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of February, 2014, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on the parties listed in the service list below, either via transmission of Notices of Electronic Filing generated by CM/ECF or via overnight mail for those parties who are not authorized to receive electronically Notices of Electronic Filing:

By: */s/ Mark A. Salky*
Mark A. Salky

## SERVICE LIST

Curtis David Carlson, Esq.
**CARLSON & LEWITTES PA**
One Southeast Third Avenue
Suite 1200
Miami, FL  33131
Tel:  (305) 372-9700
Fax:  (305) 372-8265
Email:  carlson@carlson-law.net

*Counsel for Defendants*