UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-81088-CIV-MARRA/MATTHEWMAN

PICTET OVERSEAS INC., et al.      )
                                  )
         Plaintiffs,              )
                                  )
    vs.                           )
                                  )
HELVETIA TRUST, et al.            )
                                  )
         Defendants.              )
                                  )

**DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Defendants Helvetia Trust and AAA Group International Trust (hereinafter, "Defendants"), by and through undersigned counsel, hereby move to compel the production of the documents requested in Defendants' First Request for Production directed to Plaintiffs, Pictet Overseas Inc. ("Pictet Overseas"), and Philippe Bertherat, Remy Antoine Best, Renaud Fernand De Planta, Jacques Joseph De Saussure, Bertrand Francois Lambert Demole, Jean Francois Demole, Marc Philippe Pictet, and Nicolas Lucien Pictet (the "Partners" and collectively with Pictet Overseas, the "Plaintiffs"), and is support thereof state as follows:

1. **Background**

This is an action pursuant to which Plaintiffs seek preliminary and permanent injunctive relief prohibiting the Defendants from proceeding with an arbitration Defendants filed against Plaintiffs and others before the Financial Industry Regulatory Authority, Inc. ("FINRA"). Plaintiffs claim that Defendants were not customers of theirs and, therefore, Plaintiffs cannot be compelled to arbitrate claims before FINRA. Defendants claim that they were, at a minimum,

1

customers of the Partners and that the Partners, as individuals, operated a securities business under the name of Pictet & Cie.[1]

The discovery sought by Defendants seeks information with respect to the issue of whether Defendants were customers of the Plaintiffs including, among other things, the Partners' involvement or supervisory role over the accounts of Defendants at Pictet & Cie, what actions Partners took or did not take with respect to those accounts, what instruction Partners may or may not have given to their employees and other agents with respect to the accounts of the Defendants, whether an agency relationship existed between Plaintiffs and Callahan, and the existence or non-existence of joint securities activities between or among Pictet Overseas, the Partners, and Pictet & Cie.

By document request dated February 27, 2014, Defendants sought production of 49 categories of documents from Plaintiffs. *See* Exhibit A.  Plaintiffs have resisted turning over essentially all of the documents requested by Defendants on the basis that (i) the documents requested are not relevant, (ii) the documents are not reasonably calculated to lead to the discovery of admissible evidence, and (iii) the documents are in the hands of third parties.  *See* Exhibit B. The facts presented and legal authorities do not support Plaintiffs' contentions. Plaintiffs have control over all of the documents and each category of documents requested is relevant and/or reasonably calculated to lead to the discovery of admissible evidence.

---

[1] Pictet Overseas is a member of FINRA.  Plaintiffs have admitted that Pictet Overseas is "owned and under common control of the eight individuals who are also the general partners of Pictet & Cie, a private Swiss bank for Geneva, Switzerland." D.E. 23-1 at 24-25. Each of the eight managing Partners is unambiguously an "associated person" of Pictet Overseas under the FINRA Rules.  *See* FINRA Rule 12100 (a) and (r). Pictet Overseas has disclosed that each such "owner direct[s] the management or policies of the firm." D.E. 23-1 at 9-12. Inasmuch as FINRA Rule 12200 provides that the Plaintiffs would be required to arbitrate disputes where (1)"[t]he dispute is between a customer and a member *or* associated person of a member;" and (2) "[t]he dispute arises in connection with the business activities of the member *or* the associated person....," FINRA Rule 12200 (emphasis added), if Defendants are customers of the Partners, then both Pictet Overseas and the Partners would  be required  to arbitrate the disputes at issue.

2

2. **Relevancy and reasonably calculated to lead to discovery of admissible evidence**

      The Plaintiffs have admitted that the Partners direct the management and policies of both Pictet Overseas and Pictet & Cie.  In the case of Pictet & Cie specifically, the Partners are jointly and severally liable for all of the partnerships debts and other obligations.  Defendants are entitled to investigate how the Partners have conducted their business activities and how and to what extent the Partners used employees and agents to act on their behalf in connection with the matters at issue.  Like a doctor who utilizes a nurse or physician's assistant to accomplish tasks, a partner may utilize staff or other agents to conduct his business.  Defendants should be allowed to discover the extent to which the Partners engaged in certain activities themselves or directed their employees or agents to undertake certain tasks on their behalf.  Defendants should also be allowed to examine the relationship between Callahan and his company and the Plaintiffs and whether an agency relationship existed. Thus, all documents referring to, reflecting or concerning the activities of the Plaintiffs, and their respective employees or agents, regarding Defendants' accounts are relevant or likely to lead to the discovery of admissible evidence.  All documents which refer to, reflect, or concern how the partnership of Pictet & Cie operated would also relevant and/or are likely to lead to the discovery of admissible evidence.  Access should also be permitted to all documents reflecting the inter-relationship between or among Pictet Overseas, the Partners, and Pictet & Cie.

      Discovery is permitted as to "any nonprivileged matter that is relevant to any party's claim or defense," even if not be admissible at trial, provided the discovery is "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). "'Relevancy' under Rule 26(b)(1) is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Rosenbaum v. Becker & Poliakoff, P.A.*, 2010 WL 623699 (S.D.Fla. 2010) *quoting Oppenheimer*

3

*Fund, Inc. v. Sanders,* 437 U.S. 340, 351(1978). Discovery is not limited to the issues raised by the pleadings because "discovery itself is designed to help define and clarify the issues." *Id.* at 352. The "Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.,* 758 F. 2d 1545, 1547 (11th Cir. 1985).

It has been recognized that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor,* 329 U.S. 495, 507–08 (1947). The Federal Rules are intended to "make trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent." *U.S. v. Procter & Gamble Co.,* 356 U.S. 677(1958) *citing Hickman,* 329 U.S. at 501. "Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." *Oppenheimer,* 437 U.S. at 351. "'[T]he purpose of discovery is to allow a broad search for facts ... or any other matters which may aid a party in the preparation or presentation of his case,'" and, while subject to relevance, undue burden, overbreadth, and privilege limitations, "the Rules ... permit 'fishing for evidence.'" *AIG Cent. Ins. v. O'Neill,* 2010 WL 4116555 at *3 (S.D.Fla. 2010) (emphasis supplied); *Hickman,* 329 U.S. at 507 (indicating "cry of 'fishing expedition' " can no longer serve to prevent inquiry into underlying facts of opponent's case); Adv. Com. Notes, 1946 Amend. (citation omitted) ("the... Rules permit 'fishing for evidence as they should'"). The party resisting discovery has the burden to demonstrate specifically how the request is unreasonable or not relevant. *Adelman v. Boy Scouts of America*, 2011 WL 1930427 (S.D. Fla. 2011).

3. **Plaintiffs/Partners have custody of all documents**

Under Rule 34(a), parties may request from their adversaries documents "which are in the possession, custody or control of the party upon whom the request is served." Fed.R.Civ.P. 34(a). "The concept of 'control' has been construed broadly." *In re Flag Telecom Holdings, Ltd. Sec.*

4

*Litig.,* 236 F.R.D. 177, 180 (S.D.N.Y.2006). "'The test for the production of documents is control, not location.'" *Id.* quoting *Marc Rich & Co. v. United States,* 707 F.2d 663, 667 (2d Cir.), *cert denied,* 463 U.S. 1215 (1983). "Documents may be within the control of a party even if they are located abroad." *Id.* "'Control' does not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." *Bank of N.Y. v. Meridien BIAO Bank Tanzania Ltd.,* 171 F.R.D. 135, 146-47 (S.D.N.Y.1997); *Dietrich v. Bauer,* 2000 WL 1171132 at *3-4 ("'Control' has been construed broadly by the courts as the legal right, authority or *practical ability to obtain the materials* sought upon demand" and requiring parent to produce records of non-party subsidiary) (emphasis added); *Golden Trade, S.r.L. v. Lee Apparel Co.,* 143 F.R.D. 514, 525 (S.D.N.Y.1992) (The courts have "interpreted Rule 34 to require production if the party has *the practical ability to obtain the documents from another*, irrespective of his legal entitlement to the documents." (emphasis added).

Here, the Partners have both the legal "right" and certainly the "practical ability" to obtain the relevant documents from Pictet & Cie, and, therefore, have the requisite "control" of those documents to be able to preserve and produce them.  Accordingly, Plaintiffs' contention that the documents are in the possession of third parties is fallacious.[2]

---

[2] "Discovery in this District is normally practiced with a spirit of cooperation and civility." *See Farnsworth*, 758 F.2d at 1547; *see* S.D. Fla. Local Rules, Appendix A, Discovery Practices Handbook I.A.(1); *see also* D.E. 60 at p.2.  Motions to compel disclosures and other discovery under Rule 37(a) are committed to the sound discretion of the trial court, including "the ability to impose sanctions on uncooperative litigants." *See, e.g., Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984); *Arthrex, Inc. v. Parcus Medical, LLC*, 2012 U.S. Dist. LEXIS 156870, *11-12 (M.D. Fla. 2012) (Rule 37 "provides that if a party must seek relief from the Court to Compel a recalcitrant party to respond the moving party may be awarded reasonable expenses including attorney's fees incurred in compelling the responses").  "Federal Rule of Civil Procedure 37 is enforced in this District." *See* .D. Fla., Appendix A, Handbook I.D.(4).  Indicative of Plaintiffs' lack of cooperation is the string of emails attached hereto as Exhibit C.

4. **Certificate of Good Faith Compliance**

The undersigned hereby certifies, pursuant to Local Rule 7.1(a)(3), that prior to the filing of this Motion, counsel for Plaintiffs conferred with counsel for Defendants in person in a good faith attempt to resolve this Motion, but the parties have been unable to do so.

WHEREFORE Defendants request that the Court enter an order compelling Plaintiffs to produce all of the documents requested and award Defendants attorneys' fees pursuant to Fed.R.Civ.P. 37, together with such other and further relief in favor of Defendants as this Court deems just and proper.

|  | Respectfully submitted,<br><br>Attorneys for Defendants<br><br>By: _____s/ Curtis Carlson<br>Curtis Carlson<br>Florida Bar ID #236640<br>Carlson@carlson-law.net<br>Carlson & Lewittes, PA<br>One Southeast Third Avenue, Suite 1200<br>Miami, FL  33131<br>Phone:  (305) 372-9700<br>Fax:  (305) 372-8265 |
|---|---|

**CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that on April 28, 2014, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record listed below, in the manner specified, either via transmitting of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Terry R. Weiss, Esq.
Greenberg Traurig LLP
3333 Piedmont Road NE
Suite 2500
Terminus 200
Atlanta, GA 30305
(678) 553-2603
weisstr@gtlaw.com

Mark Allan Salky, Esq.
Greenberg Traurig LLP
333 Avenue of the Americas
Suite 4400
Miami Florida  33131
(305) 579-0717
salkym@gtlaw.com

Mark G. Hanchet (***Admitted Pro Hac Vice***)
Jeremy Schildcrout (***Admitted Pro Hac Vice***)
Mayer Brown LLP
1675 Broadway
New York, NY 10019
Telephone: (212) 506-2500
Facsimile: (212) 262-1910
Email: mhanchet@mayerbrown.com
Email: jschildcrout@mayerbrown.com

                                                By:        s/ Curtis Carlson