# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 13-81088-CIV-MARRA-MATTHEWMAN

| | |
|---|---|
| PICTET OVERSEAS INC., PHILIPPE BERTHERAT, REMY ANTOINE BEST, RENAUD FERNAND DE PLANTA, JACQUES JOSEPH DE SAUSSURE, BERTRAND FRANCOIS LAMBERT DEMOLE, JEAN-FRANCOIS DEMOLE, MARC PHILIPPE PICTET, and NICOLAS LUCIEN PICTET, | § § § § § § § § § § § § § § § § § § |
| Plaintiffs, | |
| v. | |
| HELVETIA TRUST and AAA GROUP INTERNATIONAL TRUST, | |
| Defendants. | |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Plaintiffs, Pictet Overseas Inc. ("Pictet Overseas") and Philippe Bertherat, Remy Antoine Best, Renaud Fernand De Planta, Jacques Joseph De Saussure, Bertrand Francois Lambert Demole, Jean-Francois Demole, Marc Philippe Pictet, and Nicolas Lucien Pictet (collectively, the "Partners"), hereby submit their opposition to Defendants' Motion to Compel Production of Documents [D.E. 65] (the "Motion").

I.  BACKGROUND

Plaintiffs brought this action to enjoin Defendants from asserting claims against them in a FINRA arbitration proceeding (the "Arbitration"). The Claims relate to bank accounts that Defendants opened at Pictet & Cie in Geneva, Switzerland. Defendants filed a statement of claim in the Arbitration naming Pictet & Cie, a bank registered with and regulated by the Swiss Financial Market Supervisory Authority ("FINMA"), several of Pictet & Cie's corporate affiliates, the individual Plaintiffs and an entity with no affiliation to Pictet & Cie, but which happens to share the name "Pictet." Of the parties named in the Arbitration, Montreal-based broker-dealer Pictet Overseas is the only FINRA member.

The record unambiguously shows that Defendants never held accounts at Pictet Overseas. The record shows that when Defendants opened their Swiss bank accounts with Pictet & Cie, they agreed that any disputes relating to their accounts would be governed by Swiss law and resolved in the Courts of Geneva, Switzerland. Seeking to evade this contractual provision, Defendants commenced the Arbitration, ostensibly justified by Pictet Overseas' FINRA membership, despite the absence of any relationship whatsoever with Pictet Overseas.

Recognizing the likelihood that Plaintiffs would succeed in showing the absence of any basis for FINRA jurisdiction or the Arbitration, the Court granted Plaintiffs' motion for a preliminary injunction. The Court held that some discovery should proceed, however, before

1

Plaintiffs could obtain a permanent injunction.

Defendants have propounded sweeping discovery requests which they claim are intended to substantiate their theories for FINRA jurisdiction.  The overwhelming majority of these requests are patently objectionable.

Plaintiffs should not be required to comply with discovery requests that have no bearing on the only issue in this litigation:  whether Defendants are "customers" of Pictet Overseas or the Partners under FINRA rules.  The Court should exercise its broad and undisputed discretion to manage discovery in this action and deny the Motion.

II.     ARGUMENT

   A.     **Defendants Cannot Abuse the Discovery Process to Explore Theories That The Court Has Ruled Have No Basis in Law.**

FINRA jurisdiction cannot exist unless Defendants are "customers."  The record shows that Defendants are not "customers" of Pictet Overseas or the Partners within the plain meaning of FINRA Rule 12200.

Nevertheless, Defendants have argued that they are entitled to a FINRA forum because: 1) Defendants opened banking accounts at Swiss bank Pictet & Cie; 2) the Partners owned Pictet & Cie and, indirectly Pictet Overseas; 3) the Partners, Pictet & Cie and Pictet Overseas are all one and the same; and therefore, 4) the Defendants are "customers" of a FINRA member for purposes of FINRA arbitration.

Although the Court categorically rejected this tortured theory *as a matter of law*, s*ee* D.E. 44 at 14 ("Defendants' claim that the business activities of Pictet & Cie are the business activities of the eight partners . . . is fallacious[.]"); *id.* at 17 ("Defendants' alter ego argument is also substantively without merit."), Defendants continue to seek documents or information to substantiate it including, but not limited to, documents concerning: Pictet & Cie's purported

2

internal policies, procedures and personnel; accounts held at Pictet & Cie; and financial information related to the business activities of Pictet & Cie. Defendants' requests for this information are a futile attempt to resurrect a meritless legal theory. The Court should not permit Defendants to seek discovery to substantiate a theory with no basis in law.[1] *See Agripost, LLC v. Miami-Dade County, Fla.*, 525 F.3d 1049, 1056 (11th Cir. 2008) ("[Party] is simply not entitled to discovery on claims lacking any legal basis[.]").[2]

  **B.** **The Discovery Sought Has Nothing to Do with the Narrow Issue in this Action.[3]**

With their first set of 49 document requests, Defendants are seeking merits discovery

---

[1] Defendants have also resurrected the theory that Brian Callahan was an agent of Plaintiffs, despite the Court's determination that "Callahan was not a registered representative of Plaintiff Pictet Overseas or its associated persons. Nor did Callahan have any relationship, agency or otherwise, with Pictet Overseas or its associated persons." D.E. 44 at 12. Defendants have requested, for example, due diligence files of Pictet Overseas and Pictet & Cie on Callahan and the entity with which he was apparently affiliated. *See* D.E. 65-1, Reqs. 6-11, 20-23. Plaintiffs should not be required to produce this information (if it exists), as it goes to the merits of the claims raised in the FINRA arbitration and has no bearing on the "customer" question.

[2] *See also Great Dane Ltd. Partnership v. Rockwood Service Corp.,* No. 410-cv-265, 2011 WL 2312353, * (S.D. Ga. June 8, 2011) ("It follows that this Court is authorized to stop discovery on a particular claim where no legal basis for it exists. [Plaintiff's] Motion to Compel [] aimed at compelling discovery . . . on its veil-piercing claim, therefore, is denied."). *Chesapeake Energy Corp. v. Bank of New York Mellon Trust Co.*, N.A., No. 13 Civ. 1582 (PAE), 2013 WL 5432331, *10 (S.D.N.Y. Sept. 30, 2013) (rejecting request to conduct discovery into dubious theory with no factual basis).

[3] It bears noting that at the time of the April 8, 2014 meet and confer referenced in the Motion, Defendants had not filed their Answer. Accordingly, when the meet and confer began, Plaintiffs' counsel asked Defendants' counsel to identify the source that would allow Plaintiffs to assess what may be relevant to the defenses. Defendants' counsel replied, "Your common sense" and offered an ultimatum: withdraw the objections or face a motion to compel. When Plaintiffs' counsel indicated that it was premature to withdraw the objections, Defendants' counsel replied, "We're done here," and ended the meet and confer. "The scope of allowable discovery is determined by the claims (and defenses) raised in the case." *Chudsama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 n. 38 (11th Cir. 1997). Accordingly, Plaintiffs' counsel offered to revisit the responses and objections after Defendants filed the Answer and requested a meet and confer. *See* D.E. 65-3. In response, Defendants filed the Motion.

relating to claims raised in the Arbitration, a proceeding which this Court has preliminarily enjoined. Moreover, that dispute belongs in the Courts of Switzerland, if anywhere, and is subject to Swiss laws of discovery.

For example, Defendants seek the Partnership Agreement of (non-party) Pictet & Cie, along with "[a]ny credit [and debit] advice for [Defendants'] accounts [at Pictet & Cie]."[4] Defendants also seek "[a]ll Documents that were used or relied upon to Price the Fiduciary Select Income Fund[,]"[5] and documents relating to non-parties who purportedly had some relationship with Pictet & Cie, but no relationship with Pictet Overseas.[6] These requests seek information that has no bearing on the customer issue.[7] To the extent that these requests seek information related to Defendants' accounts at Pictet & Cie, Defendants should seek recourse in the courts of Switzerland, as they agreed to do when they opened their accounts.[8]

It is axiomatic that "Rule 26 [of the Federal Rules of Civil Procedure] vests the trial judge with broad discretion to tailor discovery narrowly[.]" *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Accordingly, "[t]he district court enjoys broad discretion when resolving discovery disputes, which should be exercised by determining the relevance of the discovery requests,

---

[4]   D.E. 65-1, Reqs. 1, 40-43.
[5]   *Id.*, Req. 32.
[6]   *Id.*, Reqs. 30, 36.
[7]   *See also id.*, Reqs. 2, 4, 6-29, 31, 33-39, 45.
[8]   This is not to say that all of Defendants' document requests seek irrelevant information. Defendants requested "[a]ll written communications between [Defendants] and Pictet Overseas[,]" and Plaintiffs responded that they would conduct searches for responsive documents. D.E. 65-2, Responses to Reqs. 3, 5. Plaintiffs have uncovered no such documents (which is not surprising since Defendants had no accounts at Pictet Overseas). Further, despite its numerous general and specific objections to Defendants' document requests, Pictet Overseas conducted searches to uncover documents responsive to Requests 7, 9, 11, 22-29, 33, 34, 41-43 and 45-49. Pictet Overseas located documents arguably responsive only to Requests 46-49. Subject to and without waiving the general and specific objections asserted in Plaintiffs Responses and Objections (D.E. 65-2), Plaintiffs will produce these documents upon the entry of a Court-approved confidentiality stipulation between the parties.

4

assessing oppressiveness, and weighing these factors in deciding whether discovery should be compelled." *Jewell v. Aaron's, Inc.*, 12-cv-0563, 2013 WL 3770837, *4 (N.D. Ga. July 19, 2013) (citations omitted).[9] "Courts have long held that discovery should be tailored to the issues involved in the particular case." *Maharaj v. GEICO Casualty Co.* 289 F.R.D. 666, 669 (S.D. Fla. 2013) (citation, quotation marks omitted). The Court should not require Plaintiffs to produce documents responsive to the sprawling discovery requests to which Plaintiffs have objected.[10] There is no reasonable connection (nor any proportionality) between the overwhelming majority of the 49 document requests and the narrow issue in this case.

## III. CONCLUSION

Plaintiffs have no obligation to produce documents that have no bearing whatsoever on the lone dispositive issue in this action. Accordingly, Defendants' Motion should be denied.

---

[9] *See also Aeritas, LLC v. Delta Airlines*, Inc., 13-cv-00346, 2013 WL 454452, at *1 (N.D.Ga. Feb. 7, 2013) ("District courts have broad discretion to determine relevancy for discovery purposes."); *NML Capital, Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) ("A district court has broad latitude to determine the scope of discovery and to manage the discovery process.") (citation omitted).

[10] In addition to the specific responses and objections noted in Plaintiffs' Responses and Objections to Defendants' First Set of Document Requests (D.E. 65-2, the "Responses and Objections"), Plaintiffs also face significant concerns that producing documents or information in Switzerland would amount to a violation of Swiss law. Plaintiffs raised this objection in the Responses and Objections. *See* D.E. 65-2, General Objection 2. Though Defendants' counsel trivialized this concern during the April 8, 2014 meet and confer, as U.S. courts have recognized, such concerns require serious consideration. *See e.g., Motorola Credit Corp. v. Uzan*, 2003 WL 203011, at *7 (Jan. 29, 2003) (noting that ordering an entity to produce documents from Switzerland exposes that entity to potential criminal sanctions for acting without the authorization of a Swiss court); *Minpeco, S.A. v, Conticommodity Servs., Inc.*, 118 F.R.D. 331, 333-34 (S.D.N.Y. 1988) (concluding that ordering production would constitute a hardship for a non-party because such production could subject the non-party to criminal prosecution in Switzerland without the "likelihood of a successful defense"). Due to spatial limitations, Defendants have not briefed this issue here. Should the Court be inclined to overrule the specific objections pertaining to requests for documents that, if they exist, would be located in Switzerland (*see* D.E. 65.1, Reqs. 1, 2, 4, 6, 8, 10, 12-45), Plaintiffs request the opportunity to brief this issue.

5

CASE NO. 13-81088-CIV-MARRA/MATTHEWMAN

Dated:   May 5, 2014

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue
Miami, Florida 33131
Telephone:  (305) 579-0500
Facsimile:  (305) 579-0717

By:   /s/ Mark A. Salky
MARK A. SALKY
Florida Bar No. 58221
Email:  salkym@gtlaw.com
IAN M. ROSS
Florida Bar No. 91214
Email:  rossi@gtlaw.com

**GREENBERG TRAURIG, LLP**
Terry R. Weiss
Florida Bar No. 57906
Email:  weisstr@gtlaw.com
3333 Piedmont Road NE, Suite 2500
Atlanta, GA  30305
Telephone:  (678) 553-2100
Facsimile:  (678) 553-2212

**GREENBERG TRAURIG, P.A.**
Jennifer L. Tomsen
Florida Bar No. 630871
Email:  tomsenj@gtlaw.com
1000 Louisiana Street Suite 1700
Houston, TX 77002
Telephone:  (713) 374-3500
Facsimile:  (713) 374-3505

**MAYER BROWN LLP**
Mark G. Hanchet (***Admitted Pro Hac Vice***)
Email:  mhanchet@mayerbrown.com
Jeremy Schildcrout (***Admitted Pro Hac Vice***)
Email:  jschildcrout@mayerbrown.com
1675 Broadway
New York, NY  10019
Telephone:  (212) 506-2500
Facsimile:  (212) 262-1910

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of May 2014, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on the parties listed in the service list below, either via transmission of Notices of Electronic Filing generated by CM/ECF or via overnight mail for those parties who are not authorized to receive electronically Notices of Electronic Filing:

By:  */s/ Mark A. Salky*
     Mark A. Salky

## SERVICE LIST

Curtis David Carlson, Esq.
**CARLSON & LEWITTES PA**
One Southeast Third Avenue
Suite 1200
Miami, FL  33131
Tel:  (305) 372-9700
Fax:  (305) 372-8265
Email:  carlson@carlson-law.net

*Counsel for Defendants*