Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

Embassy of Switzerland in the United States of America

CH-3003 Berne, EDA

**Via Express Courier**

The Honorable William Matthewman
United States Magistrate Judge
United States District Court for the
Southern District of Florida
Paul G. Rogers Federal Building and United
States Courthouse
701 Clematis Street
West Palm Beach, FL  330401

FILED by _____ D.C.

AUG 2 2 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

Our reference : P.212.41-USA
Washington, D.C., 7/31/2014

**Pictet Overseas Inc., et al. vs. Helvetia Trust, et al.**
**Case No.13-81088-CIV-MARRA/MATTHEWMAN**

Dear Judge Matthewman:

It has been brought to the attention of the Government of Switzerland that in the case No.13-81088-CIV, opposing Pictet Overseas Inc. (plaintiff) to Helvetia Trust (defendant), the defendant requests the gathering of evidence located in Switzerland. Because the extraterritorial demands for discovery raise important questions concerning Swiss sovereignty and the procedures applicable to obtaining evidence from Switzerland for use in a United States court, I am writing to inform you of the views of Switzerland on this subject.

I wish to emphasize that the Government of Switzerland has no independent knowledge of the underlying merits of the cases before you. The comments in this letter are limited strictly to the procedures used for taking evidence in Switzerland. My letter seeks to avoid conflict between the laws of the United States and Switzerland by urging use of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters of March 18, 1970.

The United States Supreme Court has stated that courts should "take care to demonstrate due respect for any special problem confronted by the foreign litigant on account of nationality or the location of its operations, and for any sovereign interest expressed by a foreign state." (Société Nationale Industrielle Aérospatiale v. United States District Court for the Southern District of Iowa, 482 U.S. 522, 546 (1987)). Moreover, according to Rule 44.1 of the Federal Rules of Civil Procedure, United States courts are expressly authorized to consider any relevant material or source in determining foreign law, whether or not submitted by a party. The Government of Switzerland has previously submitted the views contained in this letter to other courts of the United States. I therefore trust that you will be able to give full consideration to our comments.

Like many other civil law countries, Switzerland exercises more control over the collection of evidence in judicial matters than does the United States. The taking of evidence within Switzerland is considered a domestic judicial function, and it is the sovereign and exclusive right of the Swiss

authorities to take compulsory measures against persons, including corporations, that are located in Switzerland. A unilateral attempt by a United States court to compel the release of documents from Switzerland without the participation or consent of Switzerland would be an infringement of Swiss sovereignty.

Judicial sovereignty is an important concept in Switzerland. For many years the Swiss Criminal Code has made it a crime for any person to take evidence on Swiss territory for use in foreign court proceedings without prior authorization of the appropriate authorities, even if there is no violation of Swiss privacy laws.[1] This prohibition has been enforced through criminal prosecutions.[2] Any person who participates in the gathering of evidence in Switzerland without the authorization of the Swiss authorities or outside the proceedings of the Hague Convention for the purpose of producing such evidence in the proceedings of a foreign court risks violating Swiss Criminal law and being subjected to criminal proceedings. Even when compulsory measures are taken outside the territory of Switzerland, Swiss sovereignty is affected, due to the fact that a person is compelled by foreign authorities to provide evidence in or from Switzerland. The Swiss Criminal Code also protects Swiss sovereignty and the national economy by prohibiting the disclosure of trade or business secrets to foreign authorities or private parties.[3]

In addition, the Swiss Banking Act prohibits employees of Swiss banks from disclosing customer information without consent from the customer, unless directed to disclose such information by the competent Swiss judicial authority.[4] This prohibition is intended to protect privacy of individuals and is strictly enforced in criminal procedures.[5]

I emphasize that Swiss judicial sovereignty and Swiss privacy laws do not preclude a foreign litigant from obtaining evidence from Switzerland. Rather, they require that certain procedures be followed in requesting and obtaining the evidence.

The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters of March 18, 1970 ("Hague Convention") applies between Switzerland and the United States. The Hague Convention allows evidence to be taken in Switzerland in a manner which is consistent with Swiss sovereignty, while offering the possibility to a party from a common law nation, such as the United States, to use the evidence-gathering methods of its home country rather than those of Switzerland. When ratifying the Hague Convention, the Government of Switzerland made an express declaration that Switzerland regards this Convention to be the exclusive means by which evidence should be sought abroad among the Contracting States.

---

[1] Swiss Criminal Code of December 21, 1937, in particular provides in Article 271 ("Unlawful activities on behalf of a foreign state"): 1. Any person who carries out activities on behalf of a foreign state on Swiss territory without lawful authority, where such activities are the responsibility of a public authority or public official, any person who carries out such activities for a foreign party or organisation, any person who encourages such activities, is liable to a custodial sentence not exceeding three years or to a monetary penalty, or in serious cases to a custodial sentence of not less than one year. (Unofficial English translation).

[2] Between 1984 and 2012, there have been 30 convictions for violations of Article 271.

[3] Swiss Criminal Code of December 21, 1937, provides in Article 273 ("Industrial espionage"): Any person who obtains a manufacturing or trade secret in order to make it available to an external official agency, a foreign organisation, a private enterprise, or the agents of any of these, or, any person who makes a manufacturing or trade secret available to an external official agency, a foreign organisation, a private enterprise, or the agents of any of these, is liable to a custodial sentence not exceeding three years or to a monetary penalty, or in serious cases to a custodial sentence of not less than one year. Any custodial sentence may be combined with a monetary penalty. (Unofficial English translation). (Between 1984 and 2012, there have been 31 convictions for violations of Article 273).

[4] Article 47 of the Federal Law on Banks and Savings Banks of November 8, 1934 provides:
1. Whoever intentionally:
    a. divulges a secret entrusted to him in his capacity as a management body, employee, mandatory or liquidator of a bank, as a management body or employee of an audit company or that he became aware of in this capacity;
    b. seeks to induce others to such a violation of professional secrecy shall be sentenced to imprisonment of up to three years or a fine.
2. Where the offender acts through negligence, he or she is liable to a fine of up to 250,000 Swiss francs.
3. In the case of a repetition of the offense within five years of the conviction taking full legal effect, the monetary penalty will be a minimum of 45 daily penalty units.
4. Violation of professional secrecy remains punishable after termination of the official relationship or the practice of the profession.
5. The Federal and Cantonal regulations concerning the obligation to testify and to furnish information to a government authority remain reserved.
6. Prosecution and judgment of the acts under this provision are the responsibility of the cantons. The general provisions of the Swiss Criminal Code shall apply. (Unofficial English translation).

When a request for international judicial assistance as provided for in the Hague Convention is made, the Swiss courts have the authority, in appropriate circumstances, to allow the release of information that otherwise would be restricted under Articles 271 and 273 of the Swiss Criminal Code and Article 47 of the Swiss Banking Act. Being authorized by the competent Swiss court to release the bank documents, the bank and its employees would be able to comply with the relevant discovery request from the United States court without being subject to criminal prosecution in Switzerland.

If international judicial assistance via the Hague Convention were not used, a bank and its employees would risk serious criminal sanctions if they were to produce such documents without authorization by a Swiss court. The existence of a unilateral discovery request or a discovery order from a United States court would not shield from prosecution a person who violated Swiss law in complying with it. Thus, the object of such an order would be in the position of having to decide which legal requirement to obey and, consequently, which sanctions to face.

Conflicts between the legal requirements of the United States and Switzerland should be avoided whenever possible. By using the mechanism for obtaining evidence from Switzerland that is available through international judicial assistance as provided for in the Hague Convention, the goal of the United States proceeding would be accomplished without violating Swiss sovereignty, and there would be no conflict.

Especially because the Government of Switzerland has repeatedly stressed and demonstrated its continuing willingness to assist the Government of the United States and the United States Courts in these types of matters, I respectfully urge you to require the use of international judicial assistance in this case.

Sincerely,

THE AMBASSADOR OF SWITZERLAND

*[signature]*

Manuel Sager

cc: Curtis Carlson, Esq.
Carlson & Lewittes, PA
One Southeast Third Avenue, Suite 1200
Miami, FL 33131

Terry R. Weiss, Esq.
Greenberg Traurig LLP
3333 Piedmont Road NE
Suite 2500
Terminus 200
Atlanta, GA 30305

Mark Allan Salky, Esq.
Greenberg Traurig LLP
333 Avenue of the Americas
Suite 4400
Miami Florida 33131

Mark G. Hanchet
Jeremy Schildcrout
Mayer Brown LLP
1675 Broadway
New York, NY 10019