UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-81088-CIV-MARRA-MATTHEWMAN

| | |
|---|---|
| PICTET OVERSEAS INC., PHILIPPE BERTHERAT, REMY ANTOINE BEST, RENAUD FERNAND DE PLANTA, JACQUES JOSEPH DE SAUSSURE, BERTRAND FRANCOIS LAMBERT DEMOLE, JEAN-FRANCOIS DEMOLE, MARC PHILIPPE PICTET, and NICOLAS LUCIEN PICTET, <br><br>　　　　　Plaintiffs, <br><br>v. <br><br>HELVETIA TRUST and AAA GROUP INTERNATIONAL TRUST, <br><br>　　　　　Defendants. | § § § § § § § § § § § § § § § § § § |

**PLAINTIFFS' LIMITED OPPOSITION TO DEFENDANTS' MOTION TO EXTEND THE DEADLINE TO COMPLETE DISCOVERY IN THIS CASE**

Plaintiffs Pictet Overseas Inc., Philippe Bertherat, Remy Antoine Best, Renaud Fernand De Planta, Jacques Joseph De Saussure, Bertrand Francois Lambert Demole, Jean-Francois Demole, Marc Philippe Pictet, and Nicolas Lucien Pictet (collectively "Plaintiffs"), hereby submit their Limited Opposition to Defendants' Motion to Extend the Deadline to Complete Discovery in This Case (the "Motion to Extend") [D.E. 101]. In support, Plaintiffs state as follows:

1.　　In principle, Plaintiffs do not object to a reasonable extension of the deadline for the completion of discovery. However, any such extension of the discovery deadline must have limits.

2. The Motion to Extend contains no end-date for discovery. That is untenable. There must be an end to Defendants' quixotic crusade.

3. Discovery in this case already has dragged on for over six months. Defendants have served discovery on the Plaintiffs in the form of a first set of document requests (containing 49 requests), a second set of document requests (targeting documents related to non-party Pictet Asset Management SA) and two sets of requests for admissions.

4. Now Defendants say they want to embark on third party discovery, specifically, of Pictet & Cie, through the Hague Convention. Plaintiffs have no objection to that effort (although it should be noted that before this case even began, both Trusts requested and received all materials related to their bank accounts directly from Pictet & Cie., so the Hague request is not likely to give rise to additional materials).

5. The parties were not able to agree on an extension of time in which to complete discovery because Defendants refuse to agree that the extension will be solely for the purpose of allowing the Pictet & Cie Hague request to run its course. They want to retain the ability to ask for a "second wave" of documents, depositions, and presumably more.

6. The sole issue in dispute in this case is whether the Defendants are "customers" of Pictet Overseas or the Partners. And the Second Circuit recently has clarified that "[t]he only relevant inquiry in assessing the existence of a customer relationship [for purposes of FINRA arbitration] is whether an account was opened or a purchase made; parties and courts need not wonder whether myriad facts will 'coalesce into a functional concept of the customer relationship.'" *Citigroup Global Markets, Inc. v. Abbar*, --F.3d -- , 2014 WL 3765867, at *7 (2d Cir. Aug. 2, 2014). No amount of discovery from the Plaintiffs, from Pictet & Cie or from

2

anyone else can change the fact that *they simply are not "customers"* within the meaning of FINRA Rules. The Court must impose strict limits on further discovery in this matter.

7. As Plaintiffs have conveyed to Defendants already, Plaintiffs consent to a limited 90 day extension of the discovery period subject to the following:

a. Discovery beyond the current deadline will be limited only to Defendants' proposed Hague Convention requests to Pictet & Cie;

b. The Hague Convention requests to Pictet & Cie will be limited to those requests already contained in Defendants' existing discovery requests to Plaintiffs;

c. The Hague Convention requests will also be limited in accordance with the Courts prior discovery orders;

d. The limited extension of discovery will terminate as soon as the Hague Convention process is complete.

## CONCLUSION

For the foregoing reasons, to the extent that the Court is inclined to extend the deadline for the completion of discovery in this case, Plaintiffs respectfully request that the Court does so in accord with the terms set forth in Plaintiffs' proposed order, attached as Exhibit A.

Dated:  October 24, 2014

        Respectfully Submitted,

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue
Miami, Florida 33131
Telephone:  (305) 579-0500
Facsimile:  (305) 579-0717

By:    /s/ Mark A. Salky
MARK A. SALKY
Florida Bar No. 58221
Email:  salkym@gtlaw.com
IAN M. ROSS
Florida Bar No. 91214
Email:  rossi@gtlaw.com

**GREENBERG TRAURIG, LLP**
Terry R. Weiss
Florida Bar No. 57906
Email:  weisstr@gtlaw.com
3333 Piedmont Road NE, Suite 2500
Atlanta, GA  30305
Telephone:  (678) 553-2100
Facsimile:  (678) 553-2212

**GREENBURG TRAURIG, P.A.**
Jennifer L. Tomsen
Florida Bar No. 630871
Email:  tomsenj@gtlaw.com
1000 Louisiana Street Suite 1700
Houston, TX 77002
Telephone:  (713) 374-3500
Facsimile:  (713) 374-3505

**MAYER BROWN LLP**
Mark G. Hanchet (Admitted Pro Hac Vice)
Jeremy Schildcrout (Admitted Pro Hac Vice)
1675 Broadway
New York, NY  10019
Telephone:  (212) 506-2500
Facsimile:  (212) 262-1910
Email:  mhanchet@mayerbrown.com
Email:  jschildcrout@mayerbrown.com

**ATTORNEYS FOR PLAINTIFFS**

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October, 2014, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on the parties listed in the service list below, either via transmission of Notices of Electronic Filing generated by CM/ECF or via overnight mail for those parties who are not authorized to receive electronically Notices of Electronic Filing:

By: /s/ Mark A. Salky
Mark A. Salky

## SERVICE LIST

Curtis David Carlson, Esq.
**CARLSON & LEWITTES PA**
One Southeast Third Avenue
Suite 1200
Miami, FL  33131
Tel:  (305) 372-9700
Fax:  (305) 372-8265
Email:  carlson@carlson-law.net

*Counsel for Defendants*