# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 13-81088-CIV-MARRA/MATTHEWMAN

PICTET OVERSEAS INC., et al.                    )
                                                )
           Plaintiffs,                       )
                                                )
vs.                                             )
                                                )
HELVETIA TRUST, et al.                          )
                                                )
           Defendants.                       )
                                                )

## DEFENDANTS' MOTION FOR RELIEF AFTER REFUSAL OF SWISS AUTHORITIES TO COOPERATE

Defendants Helvetia Trust and AAA Group International Trust (hereinafter, "Defendants"), by and through undersigned counsel, after the refusal of Swiss authorities to cooperate, hereby move for the following relief: (a) an order of dismissal of this case, (2) an order requiring the depositions of Plaintiffs in Florida to answer questions that address the issues in this case, and (3) an order allowing another attempt to submit Letters Rogatory to the Swiss authorities.

*1.*    *Background*

        *a.*    *The issues presented for determination*

This is an action pursuant to which Plaintiffs seek preliminary and permanent injunctive relief prohibiting the Defendants from proceeding with an arbitration Defendants filed against Plaintiffs and others before the Financial Industry Regulatory Authority, Inc. ("FINRA"). Plaintiffs claim that Defendants were not customers of theirs and, therefore, Plaintiffs cannot be compelled to arbitrate claims before FINRA. Defendants claim that they were customers of the Partners and that the Partners, as individuals, operated a securities business under the name of Pictet & Cie.

Plaintiff Pictet Overseas is a member of FINRA.  The individual Plaintiffs admit that Pictet Overseas is "owned and under common control of the eight individuals who are also the general partners of Pictet & Cie, a private Swiss bank for Geneva, Switzerland."  D.E. 23-1 at 24-25. Those eight individuals are the eight individual Plaintiffs in this case.  Each of the eight Partners is unambiguously an "associated person" of Pictet Overseas under the FINRA Rules. *See* FINRA Rule 12100 (a) and (r).  Pictet Overseas admits that each of the eight individual Plaintiffs "direct[s] the management or policies of the firm." D.E. 23-1 at 9-12.

FINRA Rule 12200 provides that the individual Plaintiffs/Partners are required to arbitrate disputes where (1)"[t]he dispute is between a customer and a member *or* associated person of a member;" and (2) "[t]he dispute arises in connection with the business activities of the member *or* the associated person...." FINRA Rule 12200 (emphasis added).  Thus, "the seminal issues in this case are whether Defendants were customers of ... any of [Pictet Overseas'] associated persons, and if so, whether a dispute has arisen between Defendants and ... any of [Pictet Overseas'] associated persons in connection with the business activities of ... [Pictet Overseas'] associated persons."  Order on Defendants' Motion to Compel, D.E. 91 at 11.  If the answer to these questions is affirmative, both Pictet Overseas and the Partners are required  to arbitrate the disputes at issue.  *Id.*[1]

b.    *Discovery in this Court*

The discovery sought by Defendants seeks information with respect to the issue of whether Defendants were customers of the Plaintiffs/Partners including, among other things, the Partners' involvement or supervisory role over the accounts of Defendants at Pictet & Cie, what actions Partners took or did not take with respect to those accounts, what instructions Partners

---

[1]    It makes sense that Pictet Overseas would also be required to arbitrate because it is required to supervise the activities of its associated persons "regardless of their location, compensation arrangement, or registration status."  NASD Notice to Members No. 98-38, http://www.finra.org/ sites/default/files/NoticeDocument/p004792.pdf; FINRA Rule 3110.

may or may not have given to their employees and other agents with respect to the accounts of the Defendants, whether an agency relationship existed between Plaintiffs and Callahan, and the existence or non-existence of joint securities activities between or among Pictet Overseas, the Partners, and Pictet & Cie.

By document request dated February 27, 2014, Defendants sought production of 49 categories of documents from Plaintiffs. *See* D.E. 65, Ex. A. Plaintiffs resisted turning over essentially all of the documents requested by Defendants and filed objections on the basis that (i) the documents requested are not relevant, (ii) the documents are not reasonably calculated to lead to the discovery of admissible evidence, and (iii) the documents are in the hands of third parties. *See* D.E., Ex. B. Subsequently, the Defendants filed a motion to compel the discovery. D.E. 65.

By Orders dated June 12, 2014, September 8, 2014, and October 17, 2014, the Magistrate Judge ruled on the motion to compel. D.E. 75, 91 and 100. Essentially, the Orders overruled the objections raised on the grounds of relevancy but did not require the Partners/Plaintiffs to produce any documents and left it to the Defendants to conduct discovery under the Hague Convention. In a very unusual development, the Plaintiffs persuaded the Swiss Ambassador to send correspondence to this Court urging this Court to require the Defendants to proceed under "certain procedures," presumably meaning the Hague Convention. D.E. 86-2.

     *c.*    *Discovery under the Hague Convention*

The Defendants created a proposed Letters Rogatory by incorporating into it the requests for production for which the Magistrate Judge had overruled the objections of the Plaintiffs. D.E. 118. The Letters Rogatory were served upon the appropriate Swiss authorities through the auspices of Process Service Network, LLC. On May 14, 2015, the Clerk of Court filed and served a Notice of Filing Receipt of Correspondence from the Tribunal de Première Instance. D.E. 121. The Plaintiffs have provided Defendants with a translation of the correspondence.

and basically the Swiss authorities have issued a blanket refusal to honor the Letters Rogatory for various reasons, all of which are frivolous on their face, suggesting numerous times that the request is a "fishing expedition." Exhibit 1, Translation of Order of the Tribunal de Première Instance at 2 and 3.[2]

As with the Swiss Ambassador, it appears that the reach of Pictet & Cie is quite extensive. Attached is the Declaration of Nelson Tucker, CEO of Process Service Network, LLC, where he states:

> I have reviewed the Letters Rogatory (Letter of Request) in this case, including specifically the wording of the requests. I can state that in my experience with the Swiss authorities, I have processed numerous similar type requests and I have never seen a response like the one sent, by the Swiss Central Authority, in this case.

Exhibit 2, Declaration of Nelson Tucker at ¶ 9. Mr. Tucker has 32 years of experience in this area. *Id.* at ¶ 3.

2.      *The Relief that Defendants Seek*

This case is in an odd posture. The Plaintiffs claim the Defendants were not customers of the Plaintiffs. Yet, the Plaintiffs have employed means to prevent the Defendants from obtaining any discovery of that issue. Justice is being frustrated.

It seems that several alternatives are available. First, the Court could dismiss this case because the Plaintiffs have created, by themselves, the situation where justice cannot be done.

Second, the Court could order the Plaintiffs (or a representative number of them) to appear for deposition in Florida to answer questions about the issues in this case in lieu of, or as a companion to, document production. Third, the Court could allow the Defendants to try again with another Letters Rogatory, in the form attached as Exhibit 3, but that seems like a futile and

---

[2]  Among other things, the refusal is especially frivolous considering that Defendants waived the secrecy laws as to records pertaining to themselves and yet the Tribunal de Première Instance still refused the request for those records.

expensive exercise.[3] Exhibit 3, Proposed Letters Rogatory. The Swiss authorities appear to have their minds made up about a request from this Court.

3.    *Certificate of Good Faith Compliance*

The undersigned hereby certifies, pursuant to Local Rule 7.1(a)(3), that prior to the filing of this Motion, counsel for Defendants conferred with counsel for Plaintiffs in a good faith attempt to resolve this Motion, but the parties have been unable to do so.

WHEREFORE Defendants request that the Court enter an order granting all or or portions of the relief requested above, together with such other and further relief in favor of Defendants as this Court deems just and proper.

Respectfully submitted,

Attorneys for Defendants

By:    s/ Curtis Carlson
Curtis Carlson
Florida Bar No. 236640
Carlson & Associates, PA
One S.E. Third Avenue, Suite 1200
Miami, FL  33131
Telephone:  305-372-9700
Facsimile:  305-372-8265
E-mail:  carlson@carlson-law.net

[3] The expenses involve the fees to translate the document into French and to serve the document in Switzerland. This proposed Letters Rogatory removes the phrase "All Documents" from the requests and makes other changes as well.

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 17, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record listed below, in the manner specified, either via transmitting of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Terry R. Weiss, Esq.
Greenberg Traurig LLP
3333 Piedmont Road NE
Suite 2500
Terminus 200
Atlanta, GA 30305
(678) 553-2603
weisstr@gtlaw.com

Mark Allan Salky, Esq.
Greenberg Traurig LLP
333 Avenue of the Americas
Suite 4400
Miami Florida 33131
(305) 579-0717
salkym@gtlaw.com

Mark G. Hanchet (*Admitted Pro Hac Vice*)
Jeremy Schildcrout (*Admitted Pro Hac Vice*)
Mayer Brown LLP
1675 Broadway
New York, NY 10019
Telephone: (212) 506-2500
Facsimile: (212) 262-1910
Email: mhanchet@mayerbrown.com
Email: jschildcrout@mayerbrown.com

By:_____ s/ Curtis Carlson_____