## Elizabeth Reeve, Certified Translator

4646 FABRE STREET, MONTREAL, QUÉBEC H2J 3V6  TEL: 514-527-6882  EMAIL: elizabeth@traductionsreeve.com
QUEBEC ENTERPRISE N° 2247980446 (QUÉBEC)  GST: 144038742 RT0001  QST: 1076894520TQ0001

*[TRANSLATION]*

JUDICIARY
Civil Court

Tribunal de Première Instance
Place du Bourg-de-Four 1
Case postale 3736
1211 GENEVE 3

Ref:   CR/14/2015 - XCR - 6

to be mentioned in all correspondence



## ORDER OF
## TUESDAY, 05 MAY 2015

Rendered in response to the Letter of Request (Letters Rogatory) CR/14/2015

issued by the United States District Court, Southern District of Florida

Upon application for international judicial assistance in a civil matter, made by the aforementioned Court on 23 February 2015 and received by the Tribunal de Première Instance on 26 March 2015.

Given that this letter of request (letters rogatory) asks that a request for production be served upon BANQUE PICTET & CIE in Geneva as part of a "civil action to enjoin customers of PICTET & CIE from moving forward with an arbitration before the financial industry."

Whereas the United States District Court, Southern District of Florida indicates that these documents will be used in a case between PICTET OVERSEAS, INC. et al. and HELVETIA TRUST and AAA INTERNATIONAL TRUST, and specifies that a trial has not yet been scheduled.

Whereas it also specifies that the partners of PICTET & CIE are parties to these proceedings and that the defendants in these proceedings seek to obtain "evidence related to the case from BANQUE PICTET & CIE to determine their knowledge of the facts of the case."

Whereas the description of most of the documents requested starts with "All Written Communications" or "All Documents".

Whereas these documents generally concern relations between PICTET & CIE and the defendants.

Whereas the judicial assistance requested in the matter is pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil and Commercial Matters (Hague Evidence Convention), to which Switzerland and the United States have acceded.

**Elizabeth Reeve, Certified Translator**
4646 FABRE STREET, MONTREAL, QUÉBEC H2J 3V6   TEL.: 514-527-6882   EMAIL: elizabeth@traductionsreeve.com
QUEBEC ENTERPRISE N° 2247980446 (QUÉBEC)   GST. 144038742 RT0001   QST. 1076894520TQ0001

*[TRANSLATION]*

**JUDICIARY**
Case 9:13-cv-81088-KAM Document 121 Entered on FLSD Docket 05/14/2015 Page 3 of 5
Civil Court

Whereas the documents PICTET & CIE is requested to produce are designated in a manner that is too general and does not meet the relevancy and precision requirements set out in Switzerland's reservations.

Whereas acceptance of the application for assistance would amount to requiring PICTET & CIE to indicate which documents concerning the case before the requesting authority are in its possession, which would be tantamount to permitting a "fishing expedition".

Whereas, moreover, the application does not clearly indicate the link between the proceedings and the documents required from PICTET & CIE.

Whereas it would ultimately appear that the application does not describe with sufficient precision the evidence required and the purpose for which it is requested.

Whereas, in conclusion, the letter of request (letters rogatory) cannot be executed and shall be refused.

Whereas the requesting authority will be informed by this Order of the refusal to comply with its application (art. 13, para. 2, Hague Evidence Convention).

Whereas when a judge refuses to comply with an application for assistance, the judge renders a decision that is final insofar as it terminates the judicial assistance process in Switzerland and is subject to appeal or objection pursuant to arts. 308 para. 1 let. a and 319 let. a CPC (GAUTHEY/MARKUS, *L'entraide judiciaire internationale en matière civile*, 2014, nos. 726-727).

Whereas an appeal is admissible against final decisions of the first instance in non-pecuniary matters or where the value of the claim, at the time of the final reported findings before the lower authority, is greater than Sf 10,000. (art. 308 para. 1 let. a, and para. 2., CPC).

Whereas the examining judge must refer to the proceedings in question to determine whether they concern a pecuniary matter and, if so, the value of the claim (GAUTHEY/MARKUS, *op. cit.*, no. 729).

Whereas, in the event that these proceedings do indeed concern a pecuniary matter, the requesting authority has not indicated the amount in dispute.

Whereas this decision could be subject to appeal or objection based on this ambiguous element.

Whereas the assistance process must be a non-contentious matter pursuant to art. 1 let. b CPC in that it is subject to the provisions for summary proceedings (art. 248 para. 1 let. e CPC).

Whereas the deadline for filing an appeal or objection is therefore ten days (art. 314 para. 1 and 321 para. 2 CPC).

Tribunal de Première Instance

Elizabeth Reeve, Certified Translator
4646 FABRE STREET, MONTREAL, QUÉBEC H2J 3V6  TEL.: 514-527-6882  EMAIL: elizabeth@traductionsreeve.com
QUEBEC ENTERPRISE N° 2247980446 (QUÉBEC)  GST: 144038742 RT0001  QST: 1076894520TQ0001

**[TRANSLATION]**

**JUDICIARY**

Case 9:13-cv-81088-KAM Document 121 Entered on FLSD Docket 05/14/2015 Page 4 of 5

Civil Court

Whereas under Article 23 of the Hague Evidence Convention, a Contracting State may declare that it will not execute Letters of Request issued during the stage of proceedings known as the "pre-trial discovery of documents" in Common Law countries, which occurs after the commencement of an action but before the main hearing.

Whereas pursuant to this provision, Switzerland has imposed certain conditions regarding the granting of such assistance, declaring that Letters of Request will not be executed

- if the request has no direct and necessary relationship with the proceedings in question (let. a); or

- if a person is required to indicate what documents relating to the case are or were in his/her possession or keeping or at his/her disposal (let. b); or

- if a person is required to produce documents other than those mentioned in the request for legal assistance, which are probably in his/her possession or keeping or at his/her disposal (let. c); or

- if interests worthy of protection of the concerned persons are endangered (let. d; no. 6 of the Declarations and Reservations on the Convention; GAUTHEY/MARKUS, *L'entraide judiciaire en matière civile*, 2014, nos. 699 et seq.)

Whereas the reservations expressed by Switzerland are essentially for the purpose of refusing broad and indiscriminate quests for evidence, also known as "fishing expeditions", which are inadmissible under the Swiss Civil Procedure Code.

Whereas the requested evidence as well as the purpose for which it is requested must both therefore be described precisely (OFFICE FÉDÉRAL DE LA JUSTICE, Entraide judiciaire internationale en matière civile - lignes directrices, Berne 2003, Edition 2013, pp. 26-27)

Whereas letters b and c, in particular, of number 6 of the Reservations and Declarations on the Hague Evidence Convention seek to prevent parties requesting evidence for the substantiation of their legal claims from shifting their obligation to an opposing or third party; indeed, otherwise the party in question could use an application for judicial assistance of an inquisitorial nature to circumvent the obligation, always required in domestic trials, of being sufficiently precise in evidence requests (Message concernant la ratification de quatre instruments internationaux relatifs à l'entraide judiciaire en matière civile et commerciale du 8 septembre 1993, FF 1993 III 1185 ff, p. 1227).

Whereas, in this case, the request is being made at the "pre-trial discovery of documents" stage.

Tribunal de Première Instance

**Elizabeth Reeve, Certified Translator**
4646 FABRE STREET, MONTREAL, QUÉBEC H2J 3V6   TEL.: 514-527-6882   EMAIL: elizabeth@traductionsreeve.com
QUÉBEC ENTERPRISE N° 2247980446 (QUÉBEC)   GST: 144038742 RT0001   QST: 1076894520TQ0001

*[TRANSLATION]*

**JUDICIARY**

Civil Court

**For these reasons**

**THE COURT:**

1. Observes that the application made by the United States District Court, Southern District of Florida, for judicial assistance in a civil matter and aimed at obtaining certain documents from PICTET & CIE cannot be executed.

2. Rejects this request.

Maud BAETTIG
Judge
[Signature]

**Instructions on Appellate Remedies :**

*Pursuant to articles 308 ff of the Civil Procedure Code (CPC), this decision may be subject to appeal or objection before the Cour de justice, Place du Bourg-de- Four, case postale 3108, 1211 Genève 3, within ten days of notification.*

This order is being transmitted to the requesting authority by the Registry on 06 MAY 2015



Tribunal de Première Instance

**Elizabeth Reeve, Certified Translator**
4646 FABRE STREET, MONTREAL, QUÉBEC H2J 3V6   TEL.: 514-527-6882   EMAIL: ELIZABETH@TRADUCTIONSREEVE.COM
QUEBEC ENTERPRISE NO 2247980446 (QUÉBEC)   GST: 144038742 RT0001   QST: 1076894520TQ0001

# Certificate of Accuracy

Re:   Case 9:13-cv-81088-KAM Document 121
      CR/14/2015 - XCR - 6

I, Elizabeth Janet Reeve, hereby attest that I am a translator certified by the *Ordre des traducteurs, terminologues et interprètes agréés du Québec* (Quebec Order of Certified Translators, Terminologists and Interpreters) for French into English, that I have translated the attached document, and that to the best of my knowledge, ability and belief this translation is a true, accurate, and complete translation of the original French PDF document that was provided to me.

Elizabeth Janet Reeve, C. Tr.
Member No. 7437
District of Montréal
*Ordre des traducteurs, terminologues et interprètes agréés du Québec*

28 May 2015
Date

