## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 13-81088-CIV-MARRA/MATTHEWMAN

| | |
|---|---|
| | § |
| PICTET OVERSEAS INC., PHILIPPE | § |
| BERTHERAT, REMY ANTOINE BEST, | § |
| RENAUD FERNAND DE PLANTA, | § |
| JACQUES JOSEPH DE SAUSSURE, | § |
| BERTRAND FRANCOIS LAMBERT | § |
| DEMOLE, JEAN-FRANCOIS DEMOLE, | § |
| MARC PHILIPPE PICTET, and | § |
| NICOLAS LUCIEN PICTET, | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | § |
| | § |
| HELVETIA TRUST and AAA | § |
| GROUP INTERNATIONAL TRUST, | § |
| | § |
| Defendants. | § |

### PLAINTIFFS' MOTION TO QUASH SUBPOENA AND ISSUE PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs, Pictet Overseas Inc. ("Pictet Overseas") and the Individual Plaintiffs,[1] pursuant to Fed. R. Civ. P. 26(c) and Local Rules 7.1 and 16.1, and this Court's pretrial order dated February 28, 2014 (ECF No. 56), move the Court to quash Defendants' subpoena seeking to take the deposition of purported fact witness Brian Callahan on May 23, 2016, and for a protective order preventing Defendants from taking Mr. Callahan's deposition or from using Mr. Callahan's deposition as evidence in this case, and in support of their Motion state as follows:

1.      This action seeking a preliminary and permanent injunction was originally filed on October 23, 2013.  Defendants had over one year to complete discovery, including the taking

---

[1] The "Individual Plaintiffs" are Philippe Bertherat, Remy Antoine Best, Renaud Fernand De Planta, Jacques Joseph De Saussure, Bertrand Francois Lambert Demole, Jean-Francois Demole, Marc Philippe Pictet, and Nicolas Lucien Pictet.

of depositions of all fact witnesses.  Pursuant to the Court's Order Setting Trial Date & Discovery Deadlines, Referring Case to Mediation & Referring Discovery Motions to United States Magistrate, dated February 28, 2014 (ECF No. 56), the deadline to complete fact discovery ended October 30, 2014.  Defendants chose to take no depositions at all during the discovery period.

2.      Nevertheless, shortly before the discovery deadline, Defendants sought to extend discovery to pursue document requests through the Hague Convention.  (ECF No. 101).  On October 28, 2014, the Court granted Defendants' motion (ECF No. 101), extending the fact discovery deadline until January 28, 2015, but *solely* for the limited purpose of "Defendants' obtaining their proposed Hague Convention requests to Pictet & Cie." (ECF No. 106).  Months, later, on January 28, 2015, Defendants sought a second request for an extension of discovery (ECF No. 105) to pursue their Hague Convention requests—Defendants never sought leave to take additional depositions.  On February 23, 2015, the Court granted Defendants' second request to extend the fact discovery deadline for this same limited purpose.  (ECF No. 117).

3.      On June 17, 2015, Defendants moved for a third extension of the fact discovery deadline, asking that the Court permit them additional time to again submit letters rogatory. (ECF No. 123).  Again, Defendants did not ask to take any depositions.  On July 30, 2015, the Court entered an order refusing Defendants' request, finding that "[d]iscovery closed in October of 2014," and holding that the Court would not "reopen the discovery period." (ECF No. 133).

4.      Notwithstanding the Court's Order refusing to reopen discovery and confirming that fact discovery closed in October 2014, Defendants have now served a notice of deposition and subpoena for the purpose of taking the deposition of a purported fact witness, Brian Callahan, and to schedule it on May 23, 2016.  A true and correct copy of the Notice of Taking

Video Teleconference Deposition with the attached Subpoena on Brian Callahan (the "Subpoena") is attached hereto as Exhibit 1.  Mr. Callahan is a felon and, in fact, is the very fraudster who caused the losses about which the Defendants complain (Defendants allege that they are two of the many victims of Mr. Callahan's Ponzi scheme).  On April 29, 2014, long before discovery closed in this case, he pleaded guilty to securities fraud and wire fraud for operating a $96 million Ponzi scheme through his various offshore investment funds.  True and correct copies of the docket in *United States v. Callahan*, No. 2:13-cr-00453-ADS-AKT (E.D.N.Y.), and the transcript of Mr. Callahan's plea hearing, are attached as Exhibits B and C. Mr. Callahan is scheduled to be sentenced on June 10, 2016 (*See* Ex. B) and is reported to face up to 40 years in prison.  Defendants did not seek Mr. Callhan's deposition during discovery, and did not seek leave of this Court to reopen discovery for the purpose of taking this deposition testimony.  More to the point, the taking of this deposition appears to be explicitly contrary to the Court's Order refusing to extend the fact discovery deadline.

5.     Because the Court has closed fact discovery in this case, the Court should quash the Subpoena and preclude Defendants from deposing Brian Callahan (or from using that deposition as evidence in this case) at this late stage.

## ARGUMENT

Defendants' Subpoena was served well after the close of fact discovery and contrary to the Court's prior orders and, thus, should be quashed.  Other courts have properly refused to permit such discovery in similar instances. *See Smith v. Royal Caribbean Cruises, Ltd.*, 302 F.R.D. 688, 693 (S.D. Fla. 2014) (granting motion to preclude deposition where party untimely sought such discovery contrary to the Court's scheduling order); *LC Tech. Int'l, Inc. v. Mediarecover, LLC,* No. 8:03-cv-2493-T-MAP, 2007 WL 4404438, at *1 (M.D. Fla. Mar. 20,

2007) (finding that plaintiff failed to show "good cause" as to why the court should allow plaintiff to depose witnesses after the close of discovery); *AB Diversified Enters., Inc. v Global Transp. Logistics, Inc*., No. 06-21308, 2007 WL 1362632, at *1 (S.D. Fla. May 7, 2007) (refusing to allow discovery past Court's designated cutoff even where parties agreed to extension).  The *Smith* court made clear that a party is not permitted to take a deposition, whether styled as a discovery deposition or trial deposition, after the close of discovery:

> [W]e hold that the Plaintiff, who is engaged in standard civil litigation, represented by counsel, in a routine civil case like those pending in every court in the country, has no right to take a trial deposition of any witness contrary to the schedule set forth by the Court's Rule 16 scheduling orders. The discovery cutoff has come and gone, and thus the time for taking depositions for discovery, impeachment or trial purposes has also long since passed.

302 F.R.D. at 693.  The Eleventh Circuit and courts around the country, in fact, have noted that there is no distinction between "trial depositions" and other depositions under the Federal Rules. *See Chrysler Int'l Cor. v. Chemaly*, 280 F.3d 1358, 1362 n.8 (11th Cir. 2002) ("The district court's identical treatment (for timing purposes) of discovery and *de bene esse* [or trial] depositions is consistent with the language of the Federal Rules of Civil Procedure, which draw no distinction between the two."); *see also*, *e.g.*, *Tatman v. Collins*, 938 F.2d 509, 510 (4th Cir. 1991) ("The Federal Rules of Civil Procedure make no distinction for use of a deposition at trial between one taken for discovery purposes and one taken for use at trial (*de bene esse*)."); *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 558 (S.D. Cal. 1999) (denying motion for leave to take untimely deposition labeled as a "trial deposition" because "[t]he Federal Rules of Civil Procedure do not distinguish between depositions taken for discovery purposes and those taken strictly to perpetuate testimony for presentation at trial").

As summarized by the *Smith* court, "[the] principle is now well established:  there is no right to a 'trial deposition' separate and apart from the 'deposition rules' expressly found in

Rules 30 through 32." 302 F.R.D at 693.[2]  It is not an excuse that the party mistakenly thought that the nonparty witness might be available or willing to appear at trial: "[p]arties who make the tactical decision not to preserve deposition testimony during the discovery phase take the risk that the testimony will not be presented if the witness is unable or unwilling to appear at trial." *See id.* at 692.  Here, Defendants did not seek leave at any point after the close of fact discovery to depose Mr. Callahan, and should not be permitted to take that deposition now.

Accordingly, because the fact discovery deadline in the case closed on October 30, 2014, and Defendants have not sought the Court's leave to take this deposition, the Court should quash the Subpoena and preclude Defendants from deposing Brian Callahan (or from using that deposition as evidence in this case).

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request an order quashing the subpoena for the taking of Brian Callahan's deposition on May 23, 2016, and precluding Defendants from deposing Brian Callahan (or from using that deposition as evidence in this case).

## LOCAL RULE 7.1 CERTIFICATE OF COUNSEL

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that he has conferred with Defendants' counsel via email and telephone regarding the relief sought herein and that counsel for Defendants opposes the relief sought.

---

[2] The *Smith* court also noted the unintended and unfair consequences that would result if a distinction was made between a "trial" deposition and a deposition under Rules 30 through 32. *See* 302 F.R.D. at 693 ("If trial depositions are not governed by standard discovery deadlines required by Rule 16 and the procedures for 'depositions' set forth in Rule 30 and 32, parties could wait until after discovery closes to take depositions by merely designating the depositions 'for trial use.'"); *see also Merck KGaA*, 190 F.R.D. at 559 (rejecting defendants' "theory of trial depositions, where they need not be taken during the discovery period so long as they are being used in lieu of live testimony at trial," as "nothing would keep the parties from waiting until after the close of discovery to take all of these 'trial' depositions").

Dated:  May 16, 2016

Respectfully Submitted,

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue
Miami, Florida 33131
Telephone:  (305) 579-0500
Facsimile:  (305) 579-0717

By:  ___/s/_ *Mark A. Salky*_____
MARK A. SALKY
Florida Bar No. 58221
Email:  salkym@gtlaw.com
IAN M. ROSS
Florida Bar No. 91214
Email:  rossi@gtlaw.com

**GREENBERG TRAURIG, LLP**
Terry R. Weiss
Florida Bar No. 57906
Email:  weisstr@gtlaw.com
3333 Piedmont Road NE, Suite 2500
Atlanta, GA  30305
Telephone:  (678) 553-2100
Facsimile:  (678) 553-2212

**GREENBERG TRAURIG, P.A.**
Jennifer L. Tomsen
Florida Bar No. 630871
Email:  tomsenj@gtlaw.com
1000 Louisiana Street Suite 1700
Houston, TX 77002
Telephone:  (713) 374-3500
Facsimile:  (713) 374-3505

**MAYER BROWN LLP**
Mark G. Hanchet (Admitted Pro Hac Vice)
Robert W. Hamburg (Admitted Pro Hac Vice)
1221 Avenue of the Americas
New York, NY  10020
Telephone:  (212) 506-2500
Facsimile:  (212) 262-1910
Email:  mhanchet@mayerbrown.com
Email:  rhamburg@mayerbrown.com

**ATTORNEYS FOR PLAINTIFFS**

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of May, 2016, I electronically filed the foregoing

document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is

being served this day on the parties listed in the service list below, either via transmission of

Notices of Electronic Filing generated by CM/ECF or via overnight mail for those parties who

are not authorized to receive electronically Notices of Electronic Filing:


By:   /s/ Mark A. Salky
             Mark A. Salky


## <u>SERVICE LIST</u>

Curtis David Carlson, Esq.
**CARLSON & LEWITTES PA**
One Southeast Third Avenue
Suite 1200
Miami, FL  33131
Tel:  (305) 372-9700
Fax:  (305) 372-8265
Email:  carlson@carlson-law.net

***Counsel for Defendants***

7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 13-81088-CIV-MARRA/MATTHEWMAN**

|  |  |
|---|---|
| PICTET OVERSEAS INC., PHILIPPE BERTHERAT, REMY ANTOINE BEST, RENAUD FERNAND DE PLANTA, JACQUES JOSEPH DE SAUSSURE, BERTRAND FRANCOIS LAMBERT DEMOLE, JEAN-FRANCOIS DEMOLE, MARC PHILIPPE PICTET, and NICOLAS LUCIEN PICTET,<br><br>               Plaintiffs,<br><br>v.<br><br>HELVETIA TRUST and AAA GROUP INTERNATIONAL TRUST,<br><br>               Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO QUASH SUBPOENA AND ISSUE PROTECTIVE ORDER**

THIS CAUSE having come before the Court on Plaintiffs' Motion to Excuse the Parties from Mediation, the Court having considered the Motion and being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED THAT the Motion is GRANTED.

DONE AND ORDERED at Chambers, West Palm Beach, Florida, this _____ day of May, 2016.

_____
KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE

Copes furnished to:
Counsel of record