UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-81088-CIV-MARRA/MATTHEWMAN

PICTET OVERSEAS, INC., et al.,

    Plaintiffs,

v.

HELVETIA TRUST, et al.,

    Defendants.

_____/



## ORDER GRANTING PLAINTIFF'S MOTION TO QUASH SUBPOENA AND ISSUE PROTECTIVE ORDER [DE 157]

THIS CAUSE is before the Court upon Plaintiffs, Pictet Overseas, Inc., Philippe Bertherat, Remy Antoine Best, Renaud Fernand De Planta, Jacques Joseph De Saussure, Bertrand Francois Lambert Demole, Jean-Francois Demole, Marc Philippe Pictet, and Nicolas Lucien Pictet's ("Plaintiffs") Motion to Quash Subpoena and Issue Protective Order ("Motion") [DE 157]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 56. Defendants, Helvetia Trust and AAA Group International Trust ("Defendants"), have filed a response to the Motion. [DE 159]. In its May 17, 2016 Order Requiring Expedited Response, the Court stated that no reply was to be filed due to the fact that the deposition at issue was set for May 23, 2016. *See* DE 158. Thus, the matter is now ripe for review.

### *Background*

Plaintiffs filed the original complaint [DE 1] in this case on October 23, 2013. The First Amended Complaint [DE 36] was filed on November 27, 2013, and the Second Amended

1

Complaint [DE 43] was filed on December 16, 2013. The Court entered its Order Granting a Preliminary Injunction [DE 49] on February 7, 2014.

On March 3, 2014, the Court entered its Order Setting Trial Date & Discovery Deadlines, Referring Case to Medication & Referring Discovery Motions to United States Magistrate Judge [DE 56]. In that Order, the date of October 30, 2014, was set as the discovery cut-off date. *Id.* On October 29, 2014, the Court entered an Order [DE 106] extending the discovery deadline to January 28, 2015 "for the sole purpose of Defendants' obtaining their proposed Hague Convention requests to Pictet & Cie. At the end of that time period, Defendants may petition the Court for additional time, assuming they can show they acted expeditiously in conducting the Hague Convention discovery." The Court also noted, "[g]iven that Defendants could have sought discovery from Pictet & Cie earlier, the Court will limit Defendants' requests to those requests already contained in Defendants' existing discovery requests to Plaintiffs." [DE 106].

On November 20, 2014, the Court extended the substantive motion deadline to February 27, 2015 and also moved the trial date. [DE 108]. On February 23, 2015, the Court entered an Order [DE 117] granting Defendants' Motion to Extend Discovery, and extended discovery "to allow Defendants to make Hague Convention requests to Pictet & Co." The Court also issued an Order Issuing Letters Rogatory [DE 118] on February 23, 2016. On July 19, 2015, the Court removed the case from calendar call and the trial docket [DE 124] because Plaintiffs were waiting for additional material pursuant to the Hague Convention.

On July 30, 2015, the Court entered an Order [DE 133] stating that it would not reopen the discovery period. The Court explained that it had previously extended the discovery deadline "for the sole purpose of allowing Defendants to seek information pursuant to the Hague Convention" and stated that "[t]he refusal of the Swiss authorities to respond to Defendants'

request is not a justification to reopen discovery." [DE 133]. Finally, the Court stated that it "will not permit Defendants to seek another Letter Rogatory." *Id.* On January 28, 2016, the Court denied Defendants' Motion for Summary Judgment, denied without prejudice Plaintiff's Motion for Permanent Injunction, and set the case for the two-week trial period beginning April 4, 2016. [DE 152]. On February 23, 2016, the Court re-set the calendar call for November 10, 2016 for the two-week trial period commencing on November 14, 2016. [DE 154].

### *Subpoena at Issue in this Case*

On April 28, 2016, the Clerk of Court issued a Subpoena to Testify at a Deposition in a Civil Action on Defendants' behalf. [DE 157-1]. The subpoena commands Brian Callahan to appear at a deposition on May 23, 2016, in West Brooklyn, New York. *Id.*

### *Motion and Response*

In Plaintiffs' Motion, they argue that the subpoena was served after the close of fact discovery and contrary to the Court's Orders, so it should be quashed. [DE 157, p. 3]. Plaintiffs emphasize that there is no real distinction between "trial depositions" and other depositions under the federal rules and under the relevant case law. *Id.* at p. 4. They contend that "[i]t is not an excuse that the party mistakenly thought that the nonparty witness might be available or willing to testify at trial." *Id.* at p. 5.

In response, Defendants assert that Brian Callahan is a central witness in this case and that they are seeking to take his deposition for use at trial. [DE 159, p. 1]. Defendants state that they have been in contact with Mr. Callahan's criminal defense attorney[1] since 2015 about obtaining testimony from Mr. Callahan for use in this case, but the criminal defense attorney's position has

---

[1] Mr. Callahan was charged with several federal crimes in the Eastern District of New York in case number 2:13-cr-00453. [DE 157-2]. On April 29, 2014, he entered a plea of guilty to securities fraud and wire fraud. [DE 157-3]. He is pending sentencing.

3

always been that she would advise Mr. Callahan to assert the Fifth Amendment privileged if deposed and that Mr. Callahan would follow her advice. *Id.* at p. 2.

Defendants explain that they contacted Mr. Callahan's criminal defense attorney on January 29, 2016, and she said she would speak to Mr. Callahan about him having his deposition taken. [DE 159, pp. 2-3]. The criminal defense attorney contacted Defendants' counsel in February and said that Mr. Callahan would still assert the Fifth Amendment privilege if deposed at that time, but that he would not assert the privilege if deposed after his May 6, 2016 sentencing. *Id.* at p. 3. On April 28, 2016, counsel for Defendants discovered that Mr. Callahan's sentencing had been postponed until June 10, 2016. *Id.* Because Defendants' counsel was concerned that the sentencing could be postponed again, he sent out the notice of deposition and had a subpoena served upon Mr. Callahan. *Id.* Defendants' counsel tried to have Mr. Callahan served with the subpoena on May 3, 2016, but the process server was told that Mr. Callahan no longer resided at the address he had given the federal court in New York. *Id.* On May 4, 2016, Mr. Callahan's criminal defense attorney informed Defendants' counsel that Mr. Callahan had agreed to accept service of the subpoena via email, but reiterated that Mr. Callahan would assert his Fifth Amendment rights if deposed prior to his criminal sentencing. *Id.* at p. 4.

Defendants argue that nothing would have been gained by taking Mr. Callahan's deposition at an earlier point in this case. [DE 159, p. 5]. They maintain that the Court should consider all of the circumstances in this case and note that there are still approximately 145 days until trial, there is no unfairness to Plaintiffs if the deposition proceeds, Mr. Callahan's deposition would have been useless prior to his criminal sentencing, and Mr. Callahan is a crucial witness in this case. [DE 159, pp. 5-6]. Defendants also seek an extension of the discovery period or leave to take the deposition pursuant to Federal Rule 30(a)(2)(B). *Id.* at p. 6. They claim that Mr.

4

Callahan is "as good as in prison" and that they seek to depose him before he is imprisoned to avoid the "unnecessary time and expense to arrange and conduct a deposition after confinement." *Id.*

### *Analysis*

The Court notes that Defendants have provided no evidence of correspondence between Defendants' counsel and Mr. Callahan's criminal defense attorney prior to January 2016. The written correspondence attached to the response begins on January 29, 2016. *See* DE 159-1. Defendants vaguely allude in their response to communications from 2015 but provide no detail or evidence of these communications. Regardless, the discovery cut-off date in this case for any discovery unrelated to Defendants' Hague Convention requests was October 30, 2014—approximately 19 months ago. By Defendants' own admission, Defendants did not even attempt to initiate the process of taking Mr. Callahan's deposition until some point after the close of discovery.

The subpoena for deposition of Mr. Callahan[2] is untimely and violates the Court's Scheduling Order and subsequent Orders regarding the timing of discovery in this case. The District Judge's July 30, 2015 Order which stated that the discovery period would not be reopened [DE 133, p. 2] requires that the subpoena be quashed. The parties' substantive motions have already been filed and ruled upon by the Court. Trial is scheduled for November 14, 2016. Under these circumstances, Plaintiffs' Motion must be granted. If Defendants wish to re-open the

---

[2] Defendants state in their response that they are seeking leave to take the deposition of Mr. Callahan under Federal Rule of Civil Procedure 30(a)(2)(B). [DE 159, pp. 6-7]. However, that Rule that does not actually apply to the facts here because Mr. Callahan is not yet incarcerated. Moreover, under that Rule, Defendants needed leave of court to take the deposition, which they did not seek before serving the subpoena.

5

discovery period to allow them to take a deposition of Mr. Callahan at some future date after he is sentenced, then they must present such a motion to the District Judge for his determination.

### *Conclusion*

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Quash Subpoena and Issue Protective Order [DE 157] is **GRANTED**. The subpoena issued to Brian Callahan is hereby quashed. The deposition of Mr. Callahan scheduled for May 23, 2016, is canceled. Additionally, Defendants' request contained within their response for an extension of the discovery period or leave to take the deposition pursuant to Federal Rule 30(a)(2)(B) is DENIED without prejudice to Defendants presenting to the District Judge a proper motion seeking such relief.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 20th day of May, 2016.

WILLIAM MATTHEWMAN
United States Magistrate Judge

6