UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 9:13-CV-81088-MARRA/MATTHEWMAN

PICTET OVERSEAS, INC., et. al.,

    Plaintiffs,

vs.

HELVETIA TRUST and AAA
GROUP INTERNATIONAL TRUST,

    Defendants.

_____/

**DEFENDANTS' MOTION TO STRIKE ANTOINE SALAMOLARD AS A WITNESS**

Defendants, Helvetia Trust and AAA Group International Trust (collectively, the "Defendants"), by undersigned counsel, move for an Order, pursuant to Federal Rules of Civ.P. 37, to strike Plaintiffs' witness Antoine Salamolard, and show the following:

On their Pretrial Disclosures, Plaintiffs have listed Antoine Salamolard, an employee of Banque Picuet & Cie SA, as their second witness.  D.E. 162.  This was the first time that Defendants have been made aware of Mr. Salamolard.  Plaintiffs failed to list Antoine Salamolard on their Initial Disclosures.  *See* Plaintiffs' Initial Disclosures Pursuant to Fed.R.Civ.P. 26(a)(1), Exhibit 1.  Plaintiffs also failed to amend their Initial Disclosures to include Mr. Salamolard as a witness.  Discovery in this case has been closed for months.  It is too late for the Defendants to depose Mr. Salamolard, and the case is proceeding to trial in the near future.  Defendants will be prejudiced if the Plaintiffs are permitted to disclose this witness at the last minute.

Rule 26(a) requires parties to provide opposing parties with "the name ... of each individual likely to have discoverable information—along with the subjects of that information."

Fed.R.Civ.P. 26(a)(1)(A)(i).  Rule 26(a)(1)(A)(I) also requires the disclosure of witnesses that the disclosing party "may use to support its claim or defenses, unless the use would be solely for impeachment."  Parties are also under a continuing obligation to supplement this disclosure of witness information throughout the litigation. Fed.R.Civ.P. 26(e).   If a party "fails to provide ... [the] identity of a witness as required by Rule 26(a) or (e), the party is not allowed to use that ... witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure is substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1).  In this case, the failure is not substantially justified or harmless.

Courts considering a motion to exclude a witness not listed on the initial disclosures look to three factors: "(1) the importance of the testimony; (2) the reason for the [party's] failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify." *Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir.2004); *Roberta L. Marcus, Inc. v. New Cingular Wireless PCS, LLC.*, 2013 WL 4777170 at *1 (S.D. Fla. 2013).  Plaintiffs have no reason for failing to disclose the witness earlier.  Defendants are greatly prejudiced if the witness is allowed to testify, because discovery is closed and Defendants were unable to depose Mr. Salamolard.

The undersigned certifies that he communicated with counsel for Plaintiffs in good faith about the subject of this motion and the parties were not able to resolve any of the issues raised herein.

*Attorneys for Defendants:*

CARLSON & ASSOCIATES, P.A.

By: _____*s/ Curtis Carlson*_____
    Curtis Carlson, FBN 236640
    Suntrust International Center
    Suite 1200
    One S.E. Third Avenue
    Miami, Florida 33131
    Telephone:  305.372.9700
    Facsimile:  305.372.8265
    Email: carlson@carlson-law.net

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on October 26, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record listed below, in the manner specified, either via transmitting of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Terry R. Weiss, Esq.
Greenberg Traurig LLP
3333 Piedmont Road NE
Suite 2500
Terminus 200
Atlanta, GA 30305
(678) 553-2603
weisstr@gtlaw.com

| | |
|---|---|
| Mark Allan Salky, Esq. | Mark G. Hanchet (Admitted Pro Hac Vice) |
| Greenberg Traurig LLP | Jeremy Schildcrout (Admitted Pro Hac Vice) |
| 333 Avenue of the Americas | Mayer Brown LLP |
| Suite 4400 | 1675 Broadway |
| Miami Florida  33131 | New York, NY 10019 |
| (305) 579-0717 | Telephone: (212) 506-2500 |
| salkym@gtlaw.com | Facsimile: (212) 262-1910 |
| | Email: mhanchet@mayerbrown.com |
| | Email: jschildcrout@mayerbrown.com |

By: _____*s/ Curtis Carlson*_____